**CITY OF WILMINGTON, Appellant,**

**v.**

**CONNER, Appellee.**

[Cite as *Wilmington v. Conner* (2001), 144 Ohio App.3d 735.]

Court of Appeals of Ohio,
Twelfth District, Clinton County.

No. CA2000–11–030.

Decided July 30, 2001.

*Helen L. Rowlands,* Chief Prosecutor, for appellant.

*Joseph H. Dennis,* Clinton County Public Defender, for appellee.

WILLIAM W. YOUNG, Presiding Judge.

Appellant city of Wilmington appeals a decision of the trial court granting defendant-appellee's motion to suppress evidence. We reverse the decision of the trial court.

On June 17, 2000, Patrolman Houghton of the Wilmington Police Department was on routine patrol in the Southridge area of the city. At approximately 9:45 p.m., Patrolman Houghton turned south on South Street and noticed a vehicle driving south directly ahead of him. He noticed that the rear license plate area of the vehicle was not illuminated. Patrolman Houghton was unable to see any type of license on the rear of the car until his headlights illuminated the vehicle and he noticed a temporary tag in the rear license plate area of the vehicle. Patrolman Houghton initiated a traffic stop at that point for an equipment violation because there was no illumination of the rear license plate.

As he approached the vehicle, the window was down. As Patrolman Houghton leaned toward the vehicle, he smelled a very strong odor of an intoxicating beverage. He asked appellee, the driver of the vehicle, for his driver's license, registration, and proof of insurance. Patrolman Houghton noticed that appellee's eyes were red and glassy and that he spoke with slurred speech. When asked whether he had been drinking, appellee admitted having one or two beers. Patrolman Houghton conducted field sobriety tests and decided to charge appellee with driving under the influence ("DUI").

Appellee was charged with failure to have a working license plate light, in violation of Wilmington Codified Ordinance ("W.C.O.") 337.04 and with operating a motor vehicle under the influence of alcohol in violation of W.C.O. 333.01(a)(1). A hearing was held on appellee's motion to suppress evidence on October 31, 2000. The trial court found sufficient probable cause to arrest appellee for the DUI offense. The trial court took under advisement the issue of whether there was a reasonable articulable basis for the stop of appellee.

On November 27, 2000, the trial court prepared an entry granting appellee's motion to suppress. The trial court determined that appellee was not required to illuminate the rear license plate area of his vehicle because a temporary tag is not required to be placed in that area. The trial court reasoned that because appellee was not in violation of the illumination statute, Patrolman Houghton did not have a basis to effectuate a stop of the vehicle.

Appellant appeals from the trial court's decision to suppress evidence discovered after the stop of appellee's vehicle and raises two assignments of error:

Assignment of Error No. 1:

"The trial court erred in sustaining defendant-appellee's motion to suppress for a lack of a reasonable, articulable basis to stop defendant–appellee's vehicle."

Assignment of Error No. 2:

"The trial court erred in applying the exclusionary rule precluding the city from using all evidence obtained subsequent to the stop of defendant's motor vehicle."

In the first assignment of error, appellant contends that appellee was in violation of the illumination requirement because he placed his temporary tag in the license plate area and failed to illuminate it. Appellant also argues that appellee was in violation of R.C. 4503.21 because the temporary tag was not in plain view as required by that statute.

W.C.O. 337.04 is identical to R.C. 4513.05, which provides:

"Either a tail light or a separate light shall be so constructed and placed as to illuminate with a white light the rear registration plate, when such registration plate is required, and render it legible from a distance of fifty feet to the rear."

R.C. 4503.21 discusses proper placement of license plates and temporary placards. This provision provides:

"No person to whom a temporary license placard or windshield sticker has been issued for the use of a motor vehicle * * * and no operator of that motor vehicle, shall fail to display the temporary license placard in plain view from the rear of the vehicle either in the rear window or on an external rear surface of the motor vehicle * * *."

The trial court reasoned that the language "when such registration plate is required" in R.C. 4513.05 implies that there are circumstances where no rear registration plate is required, and thus the rear license area is not required to be illuminated. The court found that because a temporary tag is not required to be placed in the rear license area, illumination of that area was not required.

The Sixth District Court of Appeals addressed this issue in *State v. Baumgartner* (June 11, 1999), Lucas App. No. L–98–1282, unreported, 1999 WL 375519. In *Baumgartner*, the court found that the provisions of R.C. 4513.05 requiring illumination of the rear license plate are applicable only when a permanent license plate is required. The court held that the officer did not have reasonable, articulable suspicion for detaining the defendant based on the fact that the rear license area was not illuminated once he approached the vehicle and saw a temporary tag in the window. *Id.*

The Eleventh District reached the opposite conclusion in *State v. Stamper* (Aug. 11, 2000), Portage App. No. 99–P–0082, unreported, 2000 WL 1140124. In *Stamper*, the defendant argued that he did not have a legal duty to illuminate the

rear license portion of his car because he had a temporary tag, not a license plate in the space. *Id.* The court found that even though a temporary tag is not required to be placed in the rear license plate position, the failure to have the license plate area properly illuminated was a violation of R.C. 4513.05. *Id.* The court upheld the defendant's conviction for violation of the illumination requirement. *Id.*

We begin our analysis with the general rule that all statutes relating the same general subject matter must be read *in pari materia.* *State ex rel. Gains v. Rossi* (1999), 86 Ohio St.3d 620, 622, 716 N.E.2d 204, 207. The statute addressing the display of license plates was amended in 1984 to include language requiring license plates to be displayed in plain view on the front and rear of the vehicle. *State v. Brown* (Jan. 9, 1991), Clark App. No. 2817, unreported, 1991 WL 285431. The 1984 amendments also added the language quoted above that requires temporary tags to be displayed in plain view from the rear of the vehicle. *Id.*

The intent of the "plain view" requirement is to ensure that license plates are "visible to law enforcement personnel and others who may have reason to note the number for identification purposes." *State v. Durfee* (Mar. 6, 1998), Lake App. No. 96–L–198, unreported, 1998 WL 156857, at * 3. The definition of "plain view" contemplates actually being able to read the letters and numbers on the license plate. *State v. Hanna* (Mar. 10, 2000), Williams App. No. WM–99–016, unreported, 2000 WL 262356.

When read in conjunction with the requirement that the rear license plate be illuminated by a white light so as to render it legible from a distance of fifty feet, these statutes can lead only to the conclusion that when a temporary tag is placed in the rear license plate space, illumination of the space is required by law. Any other explanation would be contrary to logic and common sense. If a license plate on the rear of the vehicle is required to be illuminated so that law enforcement officials can read the letters and numbers, it would make little sense to find the illumination requirement inapplicable to temporary tags placed in the exact same position. Accordingly, we find that Patrolman Houghton had a legitimate reason to stop appellee's vehicle for an equipment violation. Appellant's first assignment of error is sustained.

In the second assignment of error, the state contends that even if the illumination requirement was not violated, the trial court erred by applying the exclusionary rule. Although we find that Patrolman Houghton had a legitimate basis to stop appellee's vehicle for a violation of R.C. 4513.05, we conclude that even if we had found that appellee did not violate the illumination requirement, the stop was still justified.

■ Assuming *arguendo* that appellee's failure to illuminate the temporary tag in the rear license plate position was not a violation of the law, the police officer had a reasonable belief that the failure to illuminate was in fact a violation of R.C 4513.05. Under limited circumstances, the exclusionary rule may be avoided with respect to evidence obtained in an investigative stop based on conduct that a police officer reasonably, but mistakenly, believes is a violation of the law. *State v. Greer* (1996), 114 Ohio App.3d 299, 300–301, 683 N.E.2d 82, 83. Such cases involve a police officer's mistake of law, rather than of fact. *Id.* at 303, 683 N.E.2d at 84–85. Because courts must be cautious in overlooking a police officer's mistakes of law, the mistake must be objectively reasonable. *Id.* at 305, 683 N.E.2d at 86.

■ The circumstances of the case before us lead us to find that the police officer's belief that a violation of R.C. 4503.21 had occurred was objectively reasonable. The issue was not raised in the motion to suppress until the close of the evidence when the trial court raised the question on its own initiative. As mentioned above, two appellate courts have reached opposite conclusions regarding whether the illumination requirement applies to temporary tags placed in the rear license plate position. Accordingly, even if mistaken, Patrolman Houghton's belief that appellee was in violation of the illumination requirement was objectively reasonable. Appellant's second assignment of error is sustained.

*Judgment reversed.*

VALEN and POWELL, JJ., concur.