OPINION
Defendant-appellant, Larry C. Brown II, appeals his convictions in the Madison County Court of Common Pleas for bribery and possession of drugs. For the reasons that follow, we affirm the trial court's judgment.
Appellant was indicted on one count of bribery and one count of possession of drugs. Appellant filed a motion to suppress evidence obtained following a traffic stop. Appellant had been stopped by Officer James Hutchinson of the London City Police Department and cited for failing to dim his headlights upon approaching an oncoming vehicle. A license check conducted during the traffic stop revealed that appellant was driving while under suspension, and he was subsequently arrested. A pat down search incident to appellant's arrest led to the discovery of a vial of cocaine. After the cocaine was discovered, appellant made several incriminating statements to Hutchinson. Among other things, appellant asked Hutchinson if "the cocaine [was] set in stone" or whether it could "disappear" if appellant paid the officer $100. In his motion to suppress, appellant argued that the traffic stop was illegal and that hisMiranda rights had been violated.
The motion to suppress was granted in part and denied in part. The trial court found that appellant's Miranda rights had been violated and suppressed most of appellant's incriminating statements. However, the trial court found that the traffic stop was valid, and therefore the cocaine was not subject to suppression.
The case proceeded to a jury trial, and appellant was convicted of bribery and possession of drugs. Appellant now appeals, raising a single assignment of error for our review.
In his assignment of error, appellant argues that the trial court erred by overruling, in part, his motion to suppress. When considering a motion to suppress, the trial court is the primary judge of the credibility of witnesses and the weight of the evidence. State v.Fanning (1982), 1 Ohio St.3d 19, 20. If the trial court's findings are supported by competent and credible evidence, then the appellate court must accept them. State v. Williams (1993), 86 Ohio App.3d 37, 41. Relying on the trial court's factual findings, the reviewing appellate court determines "without deference to the trial court, whether the court has applied the appropriate legal standard." State v. Anderson (1995),100 Ohio App.3d 688, 691.
Appellant was stopped and cited by Hutchinson for violating London City Ordinance ("L.C.O.") 438.14. Appellant had failed to dim his headlights upon approaching the police officer's oncoming vehicle so that Hutchinson's vision was affected by the glare. The trial court found that "under the totality of the circumstances * * * Officer Hutchinson had an articulable and reasonable suspicion to stop defendant for failure to dim his lights."
L.C.O. 438.14[1] states in pertinent part:
 Whenever a motor vehicle is being operated on a roadway or shoulder adjacent thereto during the times specified in Section 438.02, the driver shall use a distribution of light, or composite beam, directed high enough and of sufficient intensity to reveal persons, vehicles, and substantial objects at a safe distance in advance of the vehicle, except that upon approaching an oncoming vehicle, the lights or beams are not projected into the eyes of the oncoming driver.
(Emphasis added.)
The version of L.C.O. 438.02[2] in effect at the time of appellant's traffic stop stated in pertinent part:
 Every vehicle upon a street or highway during the time from one-half hour aftersunset to one-half hour before sunrise, and at any other time when there are unfavorable atmospheric conditions or when there is not sufficient natural light to render discernible persons, vehicles, and substantial objects on the highway at a distance of 1,000 feet ahead, shall display lighted lights and illuminating devices * * *.[3]
(Emphasis added.)
Appellant argues that he did not violate L.C.O. 438.14. Appellant asserts that he was not operating his vehicle within the times designated by L.C.O. 438.02, as it was not yet one-half hour after sunset.
At the motion to suppress hearing, Hutchinson testified that he stopped appellant at about 9:05 p.m. on May 30, 2000. Hutchinson testified that the sun had not yet completely set, although other motorists on the road had illuminated the headlights on their vehicles. The version of L.C.O. 438.02 in effect at the time required headlight illumination one-half hour after sunset. Hutchinson did not testify that weather conditions required headlight illumination under L.C.O. 438.02. Nor did Hutchinson testify that the natural light at that time was insufficient to render discernible persons, vehicles, and substantial objects on the highway. Nevertheless, Hutchinson testified that he had issued a citation to appellant for a high-beam violation, which he believed was justified.
According to the testimony of the police officer, appellant was not in violation of L.C.O. 438.14. Pursuant to the language of the ordinances, application of L.C.O. 438.14 is limited to the times, conditions, and exceptions specified in Section 438.02, and none of these existed at the time of the traffic stop.
However, under limited circumstances, the exclusionary rule may be avoided with respect to evidence obtained in an investigative stop based on conduct that a police officer reasonably, but mistakenly, believes is a violation of the law. City of Wilmington v. Conner (2001),144 Ohio App.3d 735, 740. Such instances may occur where a police officer makes a mistake of law, rather than of fact. Id. Because courts must be cautious in overlooking a police officer's mistakes of law, the mistake must be objectively reasonable. Id.
Considering the circumstances of this case, we find that the police officer's belief that a violation of L.C.O. 438.14 had occurred was objectively reasonable. Therefore, we conclude that evidence obtained during the traffic stop need not be suppressed.
Appellant further insists that even if his initial stop was valid, his continued detention was illegal and Hutchinson was not authorized to check appellant's license. After initiating a traffic stop based upon an alleged traffic violation, a law enforcement officer may, as a matter of course, request a computer check of a driver's license. See Dayton v.Erickson (1996), 76 Ohio St.3d 3, 11. Also there is no evidence in the record that appellant suffered undue delay while awaiting the results of this license check. See State v. Chagaris (1995), 107 Ohio App.3d 551,556-557. We find that appellant's continued detention during the traffic stop was lawful. The assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] L.C.O. 438.14 is substantially similar to R.C. 4513.15.
[2] L.C.O. 438.02 is substantially similar to the former version of R.C. 4513.03.
[3] L.C.O. 438.02 was subsequently amended so that the phrase "during the time from one-half hour after sunset to one-half hour before sunrise" has been replaced by the phrase "during the time from sunset to sunrise."