OPINION
{¶ 1} Appellant appeals his conviction and the trial court's denial of his motion to suppress.
 {¶ 2} Appellee is the state of Ohio.
 {¶ 3} No appellee's brief was filed in this case. App.R. 18(C) states in pertinent part:
 {¶ 4} If an appellee fails to file his brief within the time provided by this rule, or within the time as extended, he will not be heard at oral argument. . .; and in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.
 STATEMENT OF THE FACTS AND CASE {¶ 5} The undisputed facts are as follows:
 {¶ 6} On September 3, 2001, Appellant was the rear passenger in a vehicle being operated by Kevin Burton which was stopped by Trooper Firmi for a marked lanes violation. (T. at 5). Also in the vehicle was another passenger named Nathaniel Crawford, III. Id.
 {¶ 7} Upon approaching the vehicle and requesting identification from the driver, Trooper Firmi observed a marijuana cigarette behind Nathaniel Crawford, III's left ear. (T. at 6). Trooper Firmi also detected the odor of burnt marijuana emanating from the vehicle. Id.
 {¶ 8} Trooper Firmi removed the driver, Kevin Burton, and Nathaniel Crawford, III from the vehicle. (T. at 5-6). Trooper Kemmer ordered Appellant to Bradley to exit the vehicle and proceeded to search him. (Id. at 7-8). Trooper Kemmer then ordered Appellant to remove his shoes, wherein Trooper Kemmer discovered what he suspected to be rocks of crack cocaine. (Id. at 8).
 {¶ 9} On September 3, 2001, Appellant was arrested and charged with one count of possession of crack cocaine, in violation of R.C. § 2925.11(A), a felony of the fourth degree.
 {¶ 10} A pretrial was held on April 17, 2002.
 {¶ 11} On May 9, 2002, appellant filed a motion to suppress.
 {¶ 12} On June 27, 2001, the trial court conducted a hearing on Appellant's motion to suppress.
 {¶ 13} On January 27, 2003, via judgment entry, the trial court overruled Appellant's motion to suppress.
 {¶ 14} On February 6, 2003, Appellant entered a plea of "no contest" to said charge.
 {¶ 15} On March 20, 2003, the trial court sentenced Appellant.
 {¶ 16} It is from the trial court's denial of the motion to suppress and its finding of guilt that Appellant now appeals, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 17} "I. The trial court erred in denying defendant's motion to suppress all evidence obtained pursuant to the warrantless search of his person."
 I. {¶ 18} In his sole assignment of error, Appellant argues that the trial court erred denying his motion to suppress. We agree.
 {¶ 19} There are three methods of challenging, on appeal, a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning
(1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; Statev. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams
(1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v.Claytor (1993), 85 Ohio App.3d 623; Guysinger, supra. In the matter presently before us, we find appellant challenges the trial court's decision concerning the ultimate issue raised in his motion to suppress.
Thus, in analyzing his sole Assignment of Error, we must independently determine whether the facts meet the appropriate legal standard.
 {¶ 20} The Fourth Amendment to the United States Constitution and Section 14, Article I, Ohio Constitution, prohibit the government from conducting unreasonable searches and seizures of persons or their property. Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868,20 L.Ed.2d 889; State v. Andrews (1991), 57 Ohio St.3d 86, 87.
 {¶ 21} Appellant specifically challenges that the Trooper had probable cause to search Appellant based on the "odor of marijuana".
 {¶ 22} In State v. Moore, 90 Ohio St.3d 47, 49, 2000 Ohio 10, the Supreme Court of Ohio reviewed a case involving probable cause to search an individual's person and automobile based solely upon a strong odor ofmarijuana coming from the individual's automobile and person. The Moore
court defined probable cause as follows:
 {¶ 23} "To further detain the defendant and to conduct a search, Sergeant Greene needed probable cause, a term that has been defined as '"a reasonable ground for belief of guilt."' Carroll v. United States
(1925), 267 U.S. 132, 161, 45 S.Ct. 280, 288, 69 L.Ed. 543, 555. Probable cause must be based upon objective facts that would justify the issuance of a warrant by a magistrate. State v. Welch (1985), 18 Ohio St.3d 88. The United States Supreme Court has long acknowledged that odors may be persuasive evidence to justify the issuance of a search warrant. Johnsonv. United States (1948), 333 U.S. 10, 13, 68 S.Ct. 367, 369,92 L.Ed. 436, 440 (odor of burning opium from a hotel room gave officers probable cause to obtain a search warrant); Taylor v. United States (1932),286 U.S. 1, 52 S.Ct. 466, 76 L.Ed. 951 (distinctive odor of alcohol is an objective fact indicative of a possible crime). So long as the person is qualified to know and identify the odor and it is a distinctive odor that undoubtedly identifies a forbidden substance, this constitutes a sufficient basis to justify the issuance of a search warrant. Johnson,333 U.S. at 13, 68 S.Ct. at 369, 92 L.Ed. at 440."
 {¶ 24} After reviewing the facts, the Moore court held at syllabus "the smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a search."
 {¶ 25} In Moore, supra, the Court found that once probable cause was established by the smell of marijuana, the subsequent search of the automobile was justified pursuant to the "automobile exception" to the warrant requirement and that the search of the person was justified by the "exigent circumstances" exception.
 {¶ 26} In the case sub judice, no evidence was presented at the suppression hearing that either of the troopers was "qualified to recognize the odor" of marijuana. There was no testimony presented that either of the troopers had experience or training as to such.
 {¶ 27} Even with the addition of the marijuana cigarette in plain view of the trooper, we find that while such would be evidence to support probable cause to search Nathaniel Crawford, III, such probable cause would not extend to allow the search of Appellant's person.
 {¶ 28} Based on the lack of evidence as to the trooper's qualifications for identifying the odor of marijuana, we find Appellant's assignment of error well-taken.
 {¶ 29} Appellant's sole assignment of error is sustained.
 {¶ 30} The judgment of the Richland County Court of Common Pleas is reversed and remanded for proceedings consistent with this opinion.
By: Boggins, J., and Hoffman, P.J. concurs.