OPINION *Page 2 
{¶ 1} Defendant-appellant Shrmar A. Birdsong appeals his conviction and sentence entered by the Stark County Court of Common Pleas, on one count of carrying a concealed weapon, in violation of R.C. 2923.12(A)(2); and one count of possession of cocaine, in violation of R.C. 2925.11(A)(C)(4)(b), after the trial court found him guilty following his plea of no contest. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On May 19, 2008, the Stark County Grand Jury indicted Appellant on the aforementioned charges. Appellant appeared before the trial court for arraignment on June 13, 2008, and entered a plea of not guilty to the Indictment. Appellant subsequently filed a motion to suppress, asserting law enforcement officers lacked sufficient probable cause to search his vehicle. The trial court conducted a hearing on the motion on July 7, 2008. The following evidence was presented at the hearing.
 {¶ 3} Massillon Police Officer Jason Saintenoy was working the afternoon shift on April 5, 2008, when he stopped Appellant's vehicle for failure to stop at a stop sign. Officer Saintenoy testified, as he approached the vehicle, the first thing he noticed prior to initiating any conversation with Appellant was the strong distinct odor of burnt marijuana. The patrolman asked Appellant for his license and proof of insurance. Patrolman Saintenoy returned to his cruiser, ran Appellant's drivers license, checked his insurance, and called for backup. The patrolman re-approached Appellant's vehicle and asked him about the smell of marijuana. Appellant denied any smell. When backup arrived, Patrolman Saintenoy placed Appellant in the back of his cruiser, and asked him whether there was any illegal contraband in the vehicle. Appellant denied the existence *Page 3 
of such. Patrolman Saintenoy returned to the vehicle and instructed the passengers to exit. He searched the vehicle immediately around the driver's seat, but did not discover any contraband. However, located in the console between the driver's seat and front passenger seat, Patrolman Saintenoy discovered a loaded .38 caliber revolver. Patrolman Saintenoy placed Appellant under arrest and questioned him about the weapon. Appellant denied any knowledge of the gun being in the vehicle. The patrolman subsequently searched the rest of the vehicle, but did not find any other contraband.
 {¶ 4} At the conclusion of the hearing, defense counsel argued Patrolman Saintenoy's allegation of a strong odor of burnt marijuana was a ruse to search the vehicle. The trial court denied Appellant's motion to suppress, finding the patrolman had a basis upon which to make the stop after he observed a traffic violation. The trial court noted it was satisfied Patrolman Saintenoy had smelled burnt marijuana as he testified he did. On July 11, 2008, Appellant appeared before the trial court, withdrew his former plea of not guilty and entered a plea of no contest to the charges. The trial court placed Appellant on two years probation. The trial court memorialized the conviction and sentence via Judgment Entry filed September 9, 2008.
 {¶ 5} It is from this conviction and sentence Appellant appeals, raising as his sole assignment of error:
 {¶ 6} "I. THE TRIAL COURT ERRED BY DENYING THE APPELLANT'S MOTION TO SUPPRESS ALL EVIDENCE OBTAINED FROM THE SEARCH OF APPELLANT'S VEHICLE." *Page 4 
 I {¶ 7} In his sole assignment of error, Appellant maintains the trial court erred in denying his motion to suppress. Specifically, Appellant argues the warrantless search of his vehicle violated his constitutional rights against unreasonable searches and seizures.
 {¶ 8} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether the findings of fact are against the manifest weight of the evidence. See: State v. Fanning
(1982), 1 Ohio St.3d 19, 437 N.E.2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726.
 {¶ 9} Secondly, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. See:State v. Williams (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141.
 {¶ 10} Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96,641 N.E.2d 1172; State v. Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906; and State v. Guysinger (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. As the United States Supreme Court held in Ornelas v. U.S. (1996),517 U.S. 690, *Page 5 116 S.Ct. 1657, 134 L.Ed.2d 911, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 11} In the case sub judice, Appellant does not challenge the trial court's finding Patrolman Saintenoy validly stopped Appellant's vehicle for a traffic violation. See, Whren v. United States (1996),517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89. To further detain Appellant and to conduct a search, Patrolman Saintenoy needed probable cause, a term which has been defined as "a reasonable ground for belief of guilt."Carroll v. United States (1925), 267 U.S. 132, 161, 45 S.Ct. 280, 288,69 L.Ed. 543, 555. Probable cause must be based upon objective facts that would justify the issuance of a warrant by a magistrate. State v.Welch (1985), 18 Ohio St.3d 88, 92, 18 OBR 124, 127, 480 N.E.2d 384,387.
 {¶ 12} Both parties cite the Ohio Supreme Court's decision inState v. Moore, 90 Ohio St.3d 47, 2000-Ohio-10. The State relies uponMoore for the proposition the strong odor of marijuana alone is sufficient to establish probable cause to search an automobile pursuant to the automobile exception to the warrant requirement. Appellant asserts, while the odor of marijuana may be sufficient to establish probable cause upon which an officer may conduct a warrantless search, the State must present evidence of an arresting officer's qualifications in detecting the odor of marijuana before any evidence discovered during such search is admissible. We agree with Appellant.
 {¶ 13} In reaching its decision, the Moore Court noted:
 {¶ 14} "The United States Supreme Court has long acknowledged that odors may be persuasive evidence to justify the issuance of a search warrant. Johnson v. United States (1948), 333 U.S. 10, 13, 68 S.Ct. 367,369, 92 L.Ed. 436, 440 (odor of *Page 6 
burning opium from a hotel room gave officers probable cause to obtain a search warrant); Taylor v. United States (1932), 286 U.S. 1,52 S.Ct. 466, 76 L.Ed. 951 (distinctive odor of alcohol is an objective fact indicative of a possible crime). So long as the person is qualified to know and identify the odor and it is a distinctive odor that undoubtedly identifies a forbidden substance, this constitutes a sufficient basis to justify the issuance of a search warrant. Johnson, 333 U.S. at 13,68 S.Ct. at 369, 92 L.Ed. at 440.
 {¶ 15} "Many state and federal courts have previously confronted this issue and concluded that the detection of the odor of marijuana, alone, by an experienced law enforcement officer is sufficient to establish probable cause to conduct a reasonable search. See, e.g., People v.Kazmierczak (2000), 461 Mich. 411, 413, 605 N.W.2d 667, 668 ("the smell of marijuana alone by a person qualified to know the odor may establish probable cause to search a motor vehicle"); Mendez v. People
(Colo. 1999), 986 P.2d 275, 280 ("the smell of burning marijuana may give an officer probable cause to search or arrest"); State v. Secrist
(1999), 224 Wis.2d 201, 210, 589 N.W.2d 387, 391 ("The unmistakable odor of marijuana coming from an automobile provides probable cause for an officer to believe that the automobile contains evidence of a crime.");Green v. State (1998), 334 Ark. 484, 490, 978 S.W.2d 300, 303 ("the odor of marijuana emanating from a particular bag located on a bus is sufficient to provide probable cause to conduct a search of that bag"). Likewise, federal courts share this view." Id. at 49-50 (Footnotes omitted).
 {¶ 16} After reviewing federal and state cases on the issue, theMoore Court held, "the smell of marijuana, alone, by a person qualified to recognize the odor, is *Page 7 
sufficient to establish probable cause to conduct a search." Id. at syllabus. Implicit in this holding is the requirement an officer must be trained and/or experienced in identifying and detecting the smell of marijuana. The State, in the instant action, did not present any testimony as to Patrolman Saintenoy's qualifications, including his training and/or experience. In the absence of such testimony, we find the officer's testimony about an odor of marijuana, standing alone, was insufficient to establish probable cause to search Appellant's vehicle. Accordingly, we find the trial court erred in failing to suppress the evidence discovered during this search.
 {¶ 17} Appellant's sole assignment of error is sustained.
 {¶ 18} The judgment of the Stark County Court of Common Pleas is reversed.
Hoffman, P.J., Edwards, J., and Delaney, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is reversed and the case remanded to that court for further proceedings consistent with our opinion and according to law. Costs to Appellee. *Page 1