[Cite as *State v. Bush*, 2011-Ohio-5925.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   96495

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANDRE L. BUSH

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CR-543922

**BEFORE:**   Keough, J., Celebrezze, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:**   November 17, 2011

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building, Suite 940
526 Superior Avenue
Cleveland, OH 44114


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Robert Botnick
          T. Allan Regas
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113




KATHLEEN ANN KEOUGH, J.:

{¶ 1}  Defendant-appellant, Andre L. Bush ("Bush"), appeals the trial court's decision denying his motion to suppress.   For the reasons that follow, we affirm.

{¶ 2}  In November 2010, Bush was charged with escape in violation of R.C. 2921.34(A)(1).   Bush filed a "motion to dismiss," which the trial court treated as a motion to suppress based on the arguments raised within the motion.   At the suppression hearing, the following evidence was presented.

**{¶ 3}** On the evening of November 2, 2010, Cleveland police officers Eric Newton and Shane Bauhof were riding in a marked zone car on basic patrol. While patrolling the area of East 103rd Street and Union Avenue, the officers observed a vehicle traveling northbound and noticed that its rear license plate was not illuminated, which is a violation of the traffic laws of the city of Cleveland. The officers activated the zone car's overhead lights to effectuate a stop of the vehicle. The vehicle immediately pulled over and the driver turned off the car's engine. Both officers exited the zone car; Officer Newton approached the passenger side of the stopped vehicle and Officer Bauhof approached the driver's side.

**{¶ 4}** Officer Newton testified that as he approached, he could see three individuals inside the vehicle; the back seat passenger, later identified as Bush, was shifting back and forth in the seat and making a lot of movements with his head. Officer Newton testified that these movements caused him "great alarm" because, based on his experience, such movements typically indicate that the person is concealing or retrieving something. Officer Newton testified that once he reached the passenger side of the vehicle, he could smell marijuana and he observed marijuana in the back seat with Bush. According to Officer Newton, Bush admitted they were "just smoking marijuana." As he was standing next to the vehicle, Officer Newton noticed that Bush kept moving his hands down near his lap and waistband; Bush was ordered multiple times to keep his hands visible to the officers.

**{¶ 5}** When asked for identification, Bush said that he did not have any. At that point, Officer Newton instructed Bush to exit the vehicle. Officer Newton testified that he placed Bush in handcuffs and while patting Bush down for officer safety, he felt what appeared to be the cylinder of a revolver. Bush then fled on foot; he was ultimately apprehended and arrested. On cross-examination, Officer Newton admitted that before Bush fled, it was his intention to arrest Bush for a minor misdemeanor drug abuse offense because Bush could not produce identification.

**{¶ 6}** Bush appeals, raising as his sole assignment of error that the trial court erred in denying his motion to suppress.

**{¶ 7}** Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶8. In deciding a motion to suppress, the trial court assumes the role of trier of fact. Id. A reviewing court is bound to accept those findings of fact if they are supported by competent, credible evidence. Id. But with respect to the trial court's conclusion of law, we apply a de novo standard of review and decide whether the facts satisfy the applicable legal standard. Id., citing *State v. McNamara* (1977), 124 Ohio App.3d 706, 707 N.E.2d 539.

**{¶ 8}** Bush first contends that the trial court erred in denying his motion to suppress because the police lacked reasonable suspicion justifying the stop of the vehicle. Officers Newton and Bauhof testified that they effectuated the traffic stop because the

temporary license tag affixed in the rear license plate area of the vehicle was not illuminated, which is a violation of the city of Cleveland's traffic laws.

**{¶ 9}** The United States Supreme Court has explained that the Fourth Amendment allows a police officer to stop and detain an individual if the officer possesses a reasonable suspicion, based upon specific and articulable facts, that criminal activity "may be afoot." *Terry v. Ohio* (1968), 392 U.S. 1, 9, 88 S.Ct. 1868, 20 L.Ed.2d 889; see, also, *State v. Andrews* (1991), 57 Ohio St.3d 86, 565 N.E.2d 1271. To justify an investigative stop, the officer must be able to articulate specific facts that would warrant a reasonably prudent police officer to believe that the person stopped has committed or is committing a crime. See *Terry* at 27.

**{¶ 10}** A traffic offense meets the requirements under *Terry*, constituting reasonable grounds for an investigative stop. *State v. Davenport*, Cuyahoga App. No. 83487, 2004-Ohio-5020, ¶16, citing *State v. Carlson* (1995), 102 Ohio App.3d 585, 596, 657 N.E.2d 591; see, also, *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, ¶7-8 (an officer may lawfully stop a vehicle if the officer has a reasonable articulable suspicion that the operator has engaged in criminal activity, including a minor traffic violation).

**{¶ 11}** Cleveland Codified Ordinances ("C.C.O.") 435.09, which is identical to R.C. 4503.21, regulates the proper placement of license plates and temporary placards. It provides that "[n]o person to whom a temporary license placard or windshield sticker has been issued for the use of a motor vehicle * * * and no operator of that motor vehicle,

shall fail to display the temporary license placard in plain view from the rear of the vehicle either in the rear window or on an external rear surface of the motor vehicle * * *."

{¶ 12} Furthermore, C.C.O. 437.04, which is identical to R.C. 4513.05, addresses illumination of the rear license plate and provides that "either a tail light or a separate light shall be so constructed and placed as to illuminate with a white light the rear registration place, when such registration plate is required, and render it legible from a distance of fifty feet to the rear."

{¶ 13} A violation of either C.C.O. 435.09 or 437.04 (or the respective Ohio Revised Code counterparts) is a minor misdemeanor traffic offense.

{¶ 14} In *Wilmington v. Conner* (2001), 144 Ohio App.3d 735, 761 N.E.2d 663, the Twelfth District determined that R.C. 4503.21 and 4513.05 are to be read in conjunction with each other. Accordingly, the court held that "these statutes can lead only to the conclusion that when a temporary tag is placed in the rear license plate space, illumination of the space is required by law. Any other explanation would be contrary to logic and common sense. If a license plate on the rear of the vehicle is required to be illuminated so that law enforcement officials can read the letters and numbers, it would make little sense to find the illumination requirement inapplicable to temporary tags placed in the exact same position." Id. at 739.

{¶ 15} We find *Connor* well-reasoned. When a temporary tag is affixed in the license plate area on the rear of a vehicle, there is no distinction between a temporary tag

or license plate; thus the area needs to be illuminated. Accordingly, because the temporary tag affixed to the vehicle in the license plate area was not properly illuminated, the officers in this case had reasonable grounds for an investigative stop of the vehicle.

{¶ 16} Bush also contends that the trial court erred in denying his motion to suppress because the officers lacked the requisite reasonable suspicion or probable cause to detain and search him when there was no basis for the court to conclude that Officer Newton was qualified to recognize the odor of marijuana.

{¶ 17} Once a police officer has made a legitimate stop of a vehicle, the driver and passengers may be detained only for as long as the officer continues to have a reasonable suspicion that there has been a violation of the law. *State v. Myers* (1990), 63 Ohio App.3d 765, 771, 580 N.E.2d 61. However, "[i]f during the scope of the initial stop, an officer discovers additional specific and articulable facts which give rise to a reasonable suspicion of criminal activity beyond that which prompted the stop, the officer may detain the vehicle, driver, and passengers for as long as the new articulable and reasonable suspicion continues." *State v. Waldroup* (1995), 100 Ohio App.3d 508, 513, 654 N.E.2d 390.

{¶ 18} It is well-established that the "smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to search a motor vehicle, pursuant to the automobile exception to the warrant requirement. There need be no other tangible evidence to justify a warrantless search of a vehicle." *State v. Moore*, 90 Ohio St.3d 47, 48, 2000-Ohio-10, 734 N.E.2d 804. See, also, *State v. Evans*,

Cuyahoga App. No. 94984, 2011-Ohio-3046. In *State v. Hopper*, Cuyahoga App. Nos. 91269 and 91327, 2009-Ohio-2711, this court held that the smell of marijuana gives rise to a reasonable suspicion that the person stopped is engaged in criminal activity and thus, the police have the right to detain the car's occupants and search the car.

{¶ 19} Bush argues that there was no basis on which to conclude that Officer Newton was qualified to recognize the odor of marijuana. Officer Newton testified that as he reached the passenger side of the vehicle, he could smell marijuana emanating from inside. He could also see, in plain view, what he suspected was marijuana in the back seat with Bush. No additional testimony was elicited or given regarding the officer's training or experience in marijuana arrests, identification, or detection.

{¶ 20} Therefore, we agree with Bush that no evidence was adduced to establish that Officer Newton was qualified to recognize the odor of marijuana. See *State v. McKee*, Hancock App. No. 5-03-10, 2003-Ohio-5124, and *State v. O'Neal*, Hancock App. No. 5-03-05, 2003-Ohio-5122 (upholding suppression when no evidence was presented that the police officer was qualified to recognize the odor of marijuana). In cases where no testimony is adduced regarding a police officer's training, experience, or qualifications regarding detection and identification of the odor of marijuana, reviewing courts have held that suppression is proper when the sole basis for arrest or search is the smell or presence of marijuana. See *State v. Birdsong*, Stark App. No. 2008 CA 00221, 2009-Ohio-1859; *State v. Bradley*, Richland App. No. 2003-CA-0040; 2003-Ohio-5914; *State v. Gaus*, Ross App. No. 00CA2546, 2001-Ohio-2418.

{¶ 21} However, in this case, even though no testimony was elicited regarding Officer Newton's qualifications regarding marijuana identification and detection, the limited testimony given by Officer Newton regarding the suspected smell and presence of marijuana, coupled with Bush's admission to smoking marijuana, created reasonable articulable suspicion and probable cause justifying further detention of the vehicle and its occupants, including Bush. *Hopper*, supra.

{¶ 22} Bush's final challenge to the trial court's decision denying his motion to suppress is that his detention and subsequent search were premised on an arrest for a minor misdemeanor, which is impermissible pursuant to R.C. 2935.26.

{¶ 23} Absent an exception specified in R.C. 2935.26, a person may not be arrested for a minor misdemeanor offense. R.C. 2935.26; *State v. Jones*, 88 Ohio St.3d 430, 2000-Ohio-374, 727 N.E.2d 886; *State v. Brown*, 99 Ohio St.3d 323, 2003-Ohio-3931, 792 N.E.2d 175. One exception, which applies in this case, is when the defendant cannot or will not produce sufficient identification. R.C. 2935.26(A)(2).

{¶ 24} In this case, when asked for identification, Bush indicated that he did not have any. Accordingly, because an exception under R.C. 2935.26 existed, Officer Newton was permitted to arrest Bush.

{¶ 25} Notwithstanding his inability to present any identification, Bush asks this court to consider cases where reviewing courts determined suppression was proper when the police did not attempt to obtain or verify a defendant's identity when the defendant could not produce proper identification. See *State v. Satterwhite* (1997), 123 Ohio

App.3d 322, 704 N.E.2d 259, and *State v. Ellison*, 148 Ohio App.3d 270, 2002-Ohio-2919, 772 N.E.2d 1222. We find these cases unpersuasive based on the facts in this case.

{¶ 26} Once Bush was unable to provide identification, Officer Newton instructed him to exit the vehicle. Officer Newton testified that he placed Bush in handcuffs and patted him down for officer safety, which was reasonable given Officer Newton's testimony that the movements of the back seat passenger caused him "great alarm" and that he repeatedly had to tell Bush to keep his hands visible to the officers.

{¶ 27} When questioned why he placed Bush in handcuffs, Officer Newton said:

{¶ 28} "We didn't even know who he even was at that point. We had a male that was not cooperating with commands to show his hands, was observed shifting his weight back and forth inside the car at our stop.

{¶ 29} "And when we did approach, again, he was told several times to keep his hands where they could be seen, and he was not complying. There was a lot of concern that there may be something there that could harm us."

{¶ 30} An officer, regardless of whether he has probable cause to arrest, may pat down a person for weapons when he has reason to believe that he is dealing with an armed and dangerous individual. *Terry* at 27. The purpose of this limited search is to allow an officer to pursue his or her investigation without fear of violence; it is not intended to provide the officer with an opportunity to ascertain evidence of a crime. *State v. Evans* (1993), 67 Ohio St.3d 405, 408, 618 N.E.2d 162.

**{¶ 31}** In this case, the use of handcuffs and the subsequent search were warranted based on the totality of the circumstances. Given Officer Newton's observations prior to and during the encounter with Bush, Officer Newton's concerns for his and his partner's safety were reasonable and justified the protective detention and search. Although Officer Newton was going to arrest Bush because he could not produce identification, the use of handcuffs and the pat-down search were reasonable based on Bush's prior furtive movements and refusal to comply with the officer's directives to keep his hands visible. See *State v. Hubbard*, Cuyahoga App. No. 83385, 2004-Ohio-4498. Cf. *State v. Huey*, Cuyahoga App. No. 96168, 2011-Ohio-5496 (detention and pat-down search was not conducted for officer safety, but merely to arrest an individual for a minor misdemeanor; thus suppression upheld).

**{¶ 32}** Further, although probable cause existed to arrest Bush for lack of identification, once he fled during the protective pat-down search, Bush created an additional basis for his arrest.

**{¶ 33}** Accordingly, we find that the trial court did not err in denying the motion to suppress. Bush's assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
LARRY A. JONES, J., CONCUR