OPINION JUDGMENT ENTRY
{¶ 1} Appellant Rickey Snyder appeals the decision of the Licking County Court of Common Pleas that denied his motion to suppress. The following facts give rise to this appeal.
 {¶ 2} On February 3, 2003, Officer Cliff Bigler of the Utica Police Department observed appellant's vehicle exit a private parking lot onto State Route 13. According to Officer Bigler, appellant failed to signal the turn from the parking lot, failed to use low beam headlights as he passed his cruiser and failed to display a county sticker on his license plate. Based upon these violations, Officer Bigler stopped appellant's vehicle.
 {¶ 3} Following the stop, Officer Bigler determined that appellant did not have a valid Ohio driver's license. Thereafter, Officer Bigler placed appellant under arrest. Following appellant's arrest, Officer Bigler conducted an inventory search of appellant's vehicle during which he found marijuana and LSD.
 {¶ 4} On February 14, 2003, the Licking County Grand Jury indicted appellant on one count of trafficking in drugs and two counts of possession of drugs. Appellant initially entered a plea of not guilty to each count contained in the indictment. On April 4, 2003, appellant filed a motion to suppress. The trial court conducted a hearing on appellant's motion. On May 22, 2003, the trial court filed a judgment entry denying appellant's motion to suppress.
 {¶ 5} Subsequently, on July 1, 2003, appellant withdrew his plea of not guilty and entered a plea of no contest to each count of the indictment. The trial court found appellant guilty and sentenced him to one year in prison.
 {¶ 6} Appellant timely filed a notice of appeal and sets forth the following sole assignment of error for our consideration:
 {¶ 7} "I. The trial court committed harmful error in denying the defendant-appellant's motion to suppress."
 I {¶ 8} In his sole assignment of error, appellant maintains the trial court erred when it denied his motion to suppress because Officer Bigler did not base the stop of his vehicle upon reasonable articulable suspicion. We disagree.
 {¶ 9} There are three methods that may be used, on appeal, to challenge a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; State v.Guysinger (1993), 86 Ohio App.3d 592.
 {¶ 10} Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623; Guysinger, supra.
 {¶ 11} In his brief, appellant challenges the trial court's findings of fact as it pertains to the validity of the initial stop of his vehicle. That is, appellant argues Officer Bigler did not base the stop of his vehicle upon reasonable articulable suspicion. A stop by a police officer is constitutionally valid where he or she has observed a traffic violation. Dayton v.Erickson, 76 Ohio St.3d 3, 11, 1996-Ohio-431. Further, under theFourth and Fourteenth Amendments to the United States Constitution, as well as Section 14, Article I of the Ohio Constitution, a police officer is justified in conducting a brief investigative stop of an individual if he has a reasonable and articulable suspicion that the individual is or has been engaged in criminal activity. Terry v. Ohio (1968), 392 U.S. 1, 27;State v. Andrews (1991), 57 Ohio St.3d 86, 87, certiorari denied (1991), 501 U.S. 1220.
 {¶ 12} The term "reasonable suspicion" has been defined as more than an ill-defined hunch; it must be based upon a "particularized and objective basis for suspecting the particular person * * * of criminal activity." United States v. Cortez
(1981), 449 U.S. 411, 417-418. The "reasonableness" of an investigative stop by a police officer must be viewed in light of the totality of the surrounding circumstances. State v. Bobo
(1988), 37 Ohio St.3d 177, paragraph one of the syllabus.
 {¶ 13} At the suppression hearing, in the case sub judice, Officer Bigler testified that he stopped appellant's vehicle because of several traffic violations. First, Officer Bigler observed that appellant did not use his turn signal as he turned southbound, onto Main Street, from the gas station. Tr. Suppression Hrng., May 1, 2003, at 6, 9. Second, appellant failed to use his low beam headlights within the municipality. Id. at 7, 9, 13, 21. Finally, appellant had two validation stickers on his rear license plate and no county sticker. Id. at 8, 9.
 {¶ 14} Appellant maintains Officer Bigler's testimony conflicts with the testimony he presented at the suppression hearing. Appellant testified that he believed he used his turn signal when he left the gas station, that he used his low beam headlights and that he does not know if he had a county sticker on his license plate. Id. at 26, 27, 29. Appellant also argues the trial court should have accepted his testimony as the truth because Officer Bigler indicated the wrong state section codes for the headlight and county sticker violations, did not know the weather conditions that evening, and could not recall the direction he was facing when appellant left the gas station. Id. at 12, 14, 18-19.
 {¶ 15} Thus, appellant concludes the trial court's reliance on Officer Bigler's testimony was misplaced and against the manifest weight of the evidence. "A manifest weight standard of review questions the believability of the evidence and asks the reviewing court to determine which of the competing inferences is more believable." State v. Jones, Montgomery App. No. 18789, 2002-Ohio-1780, at 2, citing State v. Hufnagel (Sept. 6, 1996), Montgomery App. No. 15563, at 5. On the issue of credibility, the reviewing court may not substitute its judgment for that of the trier of fact unless it is patently apparent that the factfinder lost its way. Jones at 2, citing State v. Bradley (Oct. 24, 1997), Champaign App. No. 97-CA-03, at 4.
 {¶ 16} "Because the factfinder, be it the jury or * * * the trial judge, has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determination of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witnesses." State v.Lawson (Aug. 22, 1997), Montgomery App. No. 16288, at 4.
 {¶ 17} We have reviewed the testimony presented at the suppression hearing and conclude it is not patently apparent that the factfinder lost its way. Although discrepancies exist between Officer Bigler's testimony and appellant's testimony, we will not substitute our judgment, for that of the trial court, on issues of credibility. Officer Bigler testified that he observed three traffic violations prior to stopping appellant, which is a constitutionally valid basis for effectuating a stop. Therefore, we find the trial court's conclusion that Officer Bigler had a reasonable articulable suspicion to stop appellant's vehicle is not against the manifest weight of the evidence.
 {¶ 18} Appellant's sole assignment of error is overruled.
 {¶ 19} For the foregoing reasons, the judgment of the Court of Common Pleas, Licking County, Ohio, is affirmed.
Judgment affirmed.
Gwin, P.J., and Hoffman, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
Costs assessed to Appellant.