[Cite as *State v. Perkins*, 2012-Ohio-2544.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2011-CA-24 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2011-TRC-507 |
| v. | : | |
| | : | |
| CHARLES E. PERKINS, JR. | : | (Criminal Appeal from |
| | : | Miami County Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on the 8th day of June, 2012.

· · · · · · · · · · ·

ANTHONY E. KENDELL, Atty. Reg. #0067242, Prosecutor's Office, Miami County Safety
Building, 201 West Main Street, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

JOHN D. PEARSON, Atty. Reg. #0009361, 23 West Main Street, Tipp City, Ohio 45371
        Attorney for Defendant-Appellant

· · · · · · · · · · · ·

HALL, J.

{¶ 1} Charles Perkins challenges a municipal court's denial of his motion to
suppress evidence obtained as a result of a traffic stop. Perkins contends that insufficient

credible evidence exists to support the court's determination that the police officer had reasonable and articulable suspicion to stop him. We disagree. The officer's testimony that he saw Perkins commit at least two traffic offenses is sufficient to support the determination. The credibility of that testimony is an issue left to the municipal court to decide. We affirm.

{¶ 2}    In May 2010, around 8:30 p.m., Tipp City Police Officer Nicholas Creech was on routine patrol in Tipp City near the Speedway gas station on the corner of South Garber Drive and West Main Street. He saw a white van turn out of Speedway onto West Main and head east. The officer testified that the driver did not signal the turn from the Speedway to the street. Believing that the failure to signal violated traffic laws, Creech pulled in behind the van and followed it. Soon, he saw the driver weave erratically. Officer Creech then turned on his cruiser's video camera, trying to establish a driving history before he stopped the van. Creech testified, and the camera recorded, that the van was weaving within its lane and at one point, the rear tire crossed a right-side line with hash marks delineating a jog in the road.   The van turned onto North 6th Street and that's when Officer Creech turned on his siren and overhead lights. The van turned onto West Walnut Street before coming to a stop.

{¶ 3}    Perkins was the driver. Creech noticed that Perkins's speech was slurred, his eyes were red, and he smelled of alcohol. After Perkins failed a series of field sobriety tests, Creech arrested him, took him to the police department, and gave him a breath test. Perkins blew a 0.233, almost three times the 0.08 legal limit.

{¶ 4}    In January 2011, Perkins was charged in Miami County Municipal Court, under R.C. 4511.19(A)(1)(h), with one count of operating a vehicle under the influence of

alcohol.[1] Perkins moved to suppress all the evidence that was collected as a result of the stop on the grounds that the stop was illegal. A hearing was held on the narrow issue of whether the initial stop of the defendant was constitutional. Officer Creech testified for the prosecution and a Speedway employee testified for the defense. Overruling the motion to suppress from the bench, the municipal court determined that Creech had a reasonable and articulable suspicion to stop Perkins based on Creech's having seen him fail to signal and having seen him driving erratically. A few days later, the court filed an entry overruling the motion to suppress. Perkins pleaded no contest to the charge.

{¶ 5}     On October 20, 2011, Perkins filed a notice of appeal. A week later, the municipal court filed the judgment of conviction.[2] At the same time, the court also filed a written decision overruling the motion to suppress.[3]

{¶ 6}     Perkins's sole assignment of error alleges that the municipal court erred by overruling his motion to suppress evidence. On motion, a trial court should suppress evidence if it was obtained illegally. *See* Crim.R. 12(C)(3). Reviewing a legality determination, an appellate court may not reverse if the findings of fact on which the trial court based the determination are supported by competent and credible evidence and those facts satisfy the applicable legal standard. *State v. Retherford*, 93 Ohio App.3d 586, 592, 639 N.E.2d 498 (2d

---

[1] This was actually a recharge. Perkins was originally charged with both this offense and a marked-lanes violations under R.C. 4511.33, but the case was dismissed in late 2010. In his appellate brief, Perkins indicates that he was also recharged with the marked-lane violation, which he says was later dismissed. We see no evidence in the record that he was recharged with that offense or that it was dismissed.

[2] Technically, then, when Perkins filed his notice of appeal there was no final, appealable order. But, by rule, a premature notice of appeal is treated as filed immediately after the judgment of conviction. App.R. 4(C).

[3] Perkins asserts that the municipal court's written decision conflicts with it oral decision. We find that, while the specific details differ somewhat, the two decisions are consistent and not in conflict.

Dist.1994).

{¶ 7}   Here the municipal court correctly identified the legal standard applicable to the traffic stop as reasonable and articulable suspicion of criminal activity. *Accord Terry v. Ohio*, 392 U.S. 188, S.Ct. 1868, 20 L.Ed.2d 889 (1968). This standard is satisfied if a police officer observes a traffic-law violation, which includes the failure to signal a turn. *Dayton v. Erickson*, 76 Ohio St.3d 3, 11, 665 N.E.2d 1091 (1996) (determining that the officer who saw the defendant fail to signal a turn had not merely reasonable, articulable suspicion but "clearly had probable cause to stop" him). The municipal court here determined that the standard was satisfied by Officer Creech's testimony that he saw Perkins fail to signal a turn and saw Perkins driving erratically. Perkins contends that Creech's testimony is not credible because it conflicts with the defense witness's testimony and conflicts with the video from the cruiser's camera.

{¶ 8}   Creech testified that, when he saw Perkins turn out of Speedway, he believed that he was on South Garber Drive, traveling north, near the West Main Street intersection. But Creech said that he wasn't sure and admitted that he didn't remember exactly where he was. Creech was sure, though, that, when he got behind the van, he was traveling east on West Main. The police report says nothing about where Creech was when he saw Perkins turn out. But it does corroborate Creech's testimony that he saw the signaling failure and followed Perkins east on West Main. The court recognized that Creech was unsure where he was when he saw Perkins leave Speedway but excused the memory lapse based on the fact that the events occurred well over a year before the hearing.

{¶ 9}   The defense witness, a Speedway employee, put Creech elsewhere when

Perkins left the gas station. The employee testified that Creech was traveling north on South Garber but, before reaching West Main, pulled into Speedway. The employee said that Creech looked into the van, which was parked at an angle between two pumps, and looked into the store. Then, said the employee, Creech left Speedway and parked across the street. When Perkins turned out of Speedway and headed east on West Main, the employee said, Creech followed.[4]

{¶ 10} The municipal court found that the witnesses' testimony was compatible: "There's no impeachment except for where he [Creech] was prior to pulling in behind Mr. Perkins and I believe he clearly stated that he [Creech] wasn't sure." (Tr. 61). The court indicated that it believed Creech probably did come through Speedway and then park across the street. Even so said the court, Officer Creech "saw him [Perkins] exit the parking lot pretty clearly if he was across the street." (Tr. 61).

{¶ 11} The court also said that both witnesses were credible. Perkins contends that the court could not find both credible because their testimony differs on where Creech was when he saw the van pull out. But the testimony does not differ significantly on this matter. As the municipal court correctly noted, Creech testified only to where he *thought* he was, admitting that he didn't really remember. The important point is that from either location Creech could have seen Perkins turn out of Speedway.

{¶ 12} Perkins also challenges Creech's credibility with the video from the cruiser's camera, which was played at the hearing and which we have reviewed. Creech's testimony,

---

[4]The Speedway employee said that he did not remember whether Perkins signaled the turn.

before the video was played, suggests that Perkins's driving was much more erratic than the driving recorded on the video. The municipal court agreed that "very little poor driving was captured on the cruiser video."[5] But Creech also testified that Perkins drove erratically before he turned on the camera. Indeed, the court said that Perkins's erratic driving after turning out of Speedway was part of Creech's reason for manually turning on the camera. And we note that Creech testified that he did not review the year-old video before the hearing.

{¶ 13} The decision whether to believe Officer Creech's testimony was the municipal court's. "The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witnesses." *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997); *see State v. Mills*, 62 Ohio St.3d 357, 366, 582 N.E.2d 972 (1992) ("At a suppression hearing, the evaluation of evidence and the credibility of witnesses are issues for the trier of fact."). Creech testified that he saw Perkins turn out of Speedway without signaling and saw Perkins driving erratically and believed both acts violated traffic laws.[6] All of this testimony is corroborated by the police report. We see no reason to disturb the municipal court's

---

[5] Entry Overruling Defendant's Motion to Suppress, p. 4 (Oct. 28, 2011).

[6] Never raised is whether Perkins's failure to use his turn signal was actually a traffic offense. The municipal court said that "[f]ailing to use a turn signal when exiting a parking lot[ ] is a violation of the traffic code." Entry Overruling Defendant's Motion to Suppress, p. 4 (Oct. 28, 2011). But the court never cited either a traffic code or a particular offense. Likely, the court is referring to R.C. 4511.39 or the substantially similar provision in section 72.16 of the Tipp City Traffic Code both of which prohibit a person from turning onto a highway without signaling. We question whether these provisions apply to turns from private property. Ultimately, whether they apply in this case does not really change the conclusion. We have said that evidence obtained from a stop for what the officer thought was a traffic offense need not be suppressed if the officer's mistake of law was reasonable. *State v. Greer*, 114 Ohio App. 3d 299, 305, 683 N.E.2d 82 (2d Dist.1996). Applying this exception, the Tenth District has held that an officer's reasonable belief that failure to signal a turn from private property can justify a traffic stop a violation of R.C. 4511.39. *State v. Garnett*, 10th Dist. Franklin No. 09AP-1149, 2010-Ohio-5865, ¶ 17-18. We also note that the weaving described by the officer was sufficient, by itself, to justify the stop.

credibility decision. *Compare State v. Snyder*, 5th Dist. Licking No. 03 CA 59, 2004-Ohio-2229, ¶ 17 (saying, "[a]lthough discrepancies exist between [the police officer]'s testimony and appellant's testimony, we will not substitute our judgment, for that of the trial court, on issues of credibility," where the officer testified that he observed three traffic violations, including the failure to use a turn signal when pulling out of a gas station, before stopping the appellant).

{¶ 14} Finally, Perkins contends that the municipal court improperly explained away Creech's memory lapses and resolved the pertinent factual issues in the prosecution's favor. Doing so, Perkins says, violates the prosecution's burden of proof under R.C. 2901.05, which puts the burden on the prosecution to prove every element of a charged offense beyond a reasonable doubt. But that burden of proof does not apply in a suppression proceeding, where a defendant's guilt is not the issue. The state's burden to prove that a warrantless stop of a motor vehicle was constitutionally justified is by the preponderance of the evidence. *State v. Leifheit,* 2d Dist. Champaign No. 09CA17, 2009-Ohio-6268.

{¶ 15} The sole assignment of error is overruled. The judgment of the municipal court is therefore affirmed.

. . . . . . . . . . . .

FAIN and DONOVAN, JJ., concur.

Copies mailed to:

Anthony E. Kendell
John D. Pearson
Hon. Elizabeth S. Gutmann