**[Cite as *State v. Reedy*, 2012-Ohio-4899.]**

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 12-CA-1 |
| JOSHUA REEDY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Perry County Court of
Common Pleas, Case No. 11-CR-0055


JUDGMENT:      AFFIRMED


DATE OF JUDGMENT ENTRY:      October 17, 2012


APPEARANCES:

For Appellant:

STEVEN P. SCHNITTKE
114 S. High St., P.O. Box 536
New Lexington, OH 43764

For Appellee:

JOSEPH A. FLAUTT
PERRY COUNTY PROSECUTOR
111 N. High St., P.O. Box 569
New Lexington, OH 43764

*Delaney, J.*

{¶1} Appellant Joshua A. Reedy appeals from the September 23, 2011 judgment entry of the Perry County Court of Common Pleas overruling his motion to suppress and the December 22, 2011 judgment entry sentencing appellant upon his pleas of no contest. Appellee is the state of Ohio.

*FACTS AND PROCEDURAL HISTORY*

{¶2} This case arose on December 23, 2010 when Ptl. Robison of the New Lexington Police Department was on patrol in the private parking lot of a CVS drugstore. He observed appellant exit a parking lot on the opposite side of the road, at "Circle K," and turn left onto the roadway without using a turn signal.

{¶3} Robison performed a traffic stop of appellant's vehicle and made contact with appellant. Upon further investigation appellant was found to be in possession of several pills including oxycodone and alprazolam.

{¶4} At the subsequent suppression hearing Robison was appellee's only witness and testified the sole reason for the traffic stop was appellant's failure to signal upon leaving the parking lot.[1]

{¶5} Appellant was charged by indictment with one count of aggravated drug possession [oxycodone] pursuant to R.C. 2925.11(A) and (C)(1)(a), a felony of the fifth degree, and one count of drug possession [alprazolam] pursuant to R.C. 2925.11(A) and (C)(2)(a), a misdemeanor of the first degree.

---

[1] Appellant asserts Robison did not cite him for failure to use a turn signal. Whether or not a citation was issued was not addressed at the suppression hearing, and there is no uniform traffic citation in the record.

{¶6} Appellant entered pleas of not guilty and filed a Motion to Suppress Evidence/Motion to Dismiss on June 27, 2011, asserting the investigating officer had no probable cause to perform a traffic stop of his vehicle.

{¶7} A suppression hearing was held on August 8, 2011, and the trial court ordered the parties to submit Findings of Fact and Conclusions of Law. Both parties complied. On September 23, 2011, the trial court overruled appellant's motion to suppress, finding the patrolman properly initiated a traffic stop upon appellant's failure to use his turn signal when turning left from private property onto a roadway.

{¶8} Appellant withdrew his pleas of not guilty and entered pleas of no contest. The trial court accepted appellant's change of plea, found him guilty as charged, and ordered a presentence investigation. Appellant was ultimately sentenced to a term of five years on community control on Count One, aggravated drug possession, and a jail term of 90 days, to be served as 30 days of actual incarceration and 60 days of house arrest, on Count Two, drug possession. Appellant's driver's license was suspended for six months and he was fined $1000.00.

{¶9} Appellant now appeals from the trial court's judgment entry overruling his motion to suppress.

{¶10} Appellant raises one Assignment of Error:

{¶11} "I. THE COURT COMMITTED ERROR IN DENYING THE MOTION OF DEFENDANT/APPELLANT TO SUPPRESS THE SEARCH OF THE VEHICLE OF DEFENDANT/APPELLANT IN VIOLATION OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION."

I.

{¶12} Appellant argues the trial court erred in overruling his motion to suppress because the police officer's stop of his vehicle was premised upon a mistake of law. We disagree.

{¶13} Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long*, 127 Ohio App.3d 328, 332, 713 N.E.2d 1 (4th Dist.1998). During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks*, 75 Ohio St.3d 148, 154, 661 N.E.2d 1030 (1996). A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Medcalf*, 111 Ohio App.3d 142, 145, 675 N.E.2d 1268 (4th Dist.1996). Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams*, 86 Ohio App.3d 37, 42, 619 N.E.2d 1141 (4th Dist.1993), overruled on other grounds.

{¶14} There are three methods of challenging a trial court's ruling on a motion to suppress on appeal. First, an appellant may challenge the trial court's finding of fact. In reviewing a challenge of this nature, an appellate court must determine whether the trial court's findings of fact are against the manifest weight of the evidence. See, *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein*, 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist.1991). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the

findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See, *Williams*, supra. Finally, an appellant may argue the trial court has incorrectly decided the ultimate or final issues raised in a motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry*, 95 Ohio App.3d 93, 96,620 N.E.2d 906 (8th Dist.1994).

{¶15} In the instant case, the facts are not in dispute. Instead, appellant challenges the trial court's application of the legal standard to those facts. Appellant argues the issue before us is whether appellant's failure to signal upon turning left from a private parking lot is a violation of the law. We find, though, that answering this question is not central to the analysis. Instead, the issue we must resolve is whether a police officer may stop an individual when the officer reasonably but mistakenly believes the conduct is a violation of the law; the answer to this question is "yes." *State v. Garnett*, 10th Dist. No. 09AP-1149, 2010-Ohio-5865, ¶ 13, appeal not allowed, 128 Ohio St.3d 1447, 2011-Ohio-1618, 944 N.E.2d 696, reconsideration denied, 128 Ohio St.3d 1504, 2011-Ohio-2420, 947 N.E.2d 685, citing *State v. Gunzenhauser*, 5th Dist. No. 09-CA-21, 2010-Ohio-761, ¶ 16.

{¶16} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507 19 L.Ed.2d 576 (1967). An investigative stop, or *Terry* stop, is a common exception to the Fourth Amendment warrant requirement. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1503, 20

L.Ed.2d 889 (1968). Because the "balance between the public interest and the individual's right to personal security" tilts in favor of a standard less than probable cause in such cases, the Fourth Amendment is satisfied if the officer's action is supported by reasonable suspicion to believe that criminal activity "may be afoot." *United States v. Brignoni-Ponce*, 422 U.S. 873, 878, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); *United States v. Sokolow*, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989). In *Terry*, the Supreme Court held that a police officer may stop an individual if the officer has a reasonable suspicion based upon specific and articulable facts that criminal behavior has occurred or is imminent. See, *State v. Chatton*, 11 Ohio St.3d 59, 61, 463 N.E.2d 1237 (1984).

{¶17} The propriety of an investigative stop must be viewed in light of the totality of the circumstances surrounding the stop "as viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." *State v. Andrews*, 57 Ohio St.3d 86, 87-88, 565 N.E.2d 1271 (1991); *State v. Bobo*, 37 Ohio St.3d 177, 178, 524 N.E.2d 489 (1988). The Supreme Court of the United States has re-emphasized the importance of reviewing the totality of the circumstances in making a reasonable suspicion determination:

When discussing how reviewing courts should make reasonable-suspicion determinations, we have said repeatedly that they must look at the "totality of the circumstances" of each case to see whether the detaining officer has a "particularized and objective basis" for suspecting legal wrongdoing. This process allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information

available to them that "might well elude an untrained person."   Although an officer's reliance on a mere "hunch" is insufficient to justify a stop, the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard. *United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct.744, 151 L.Ed.2d 740 (2002), citing *United States v. Cortez*, 449 U.S. 411, 417-418 (1981).

{¶18} Traffic stops based upon observation of a traffic violation are constitutionally permissible.  *Dayton v. Erickson*, 76 Ohio St.3d 3, 11-12, 1996-Ohio-431, 665 N.E.2d 1091.  An issue arises, however, when the traffic violation underlying the stop is questionably a violation of the law.  We have previously noted "[u]nder limited circumstances, courts have held that the exclusionary rule may be avoided with respect to evidence obtained in a stop based on conduct that a police officer reasonably, but mistakenly, believes is a violation of the law." *State v. Gunzenhauser*, supra, 2010-Ohio-761, ¶16, citing *City of Wilmington v. Conner*, 144 Ohio App.3d 735, 740, 761 N.E.2d 663 (12th Dist.2001); *State v. Greer*, 114 Ohio App.3d 299, 300-301, 683 N.E.2d 82 (2nd Dist.1996).  Such cases necessarily involve a mistake of law rather than a mistake of fact.  "Because courts must be cautious in overlooking a police officer's mistakes of law, the mistake must be objectively reasonable." *Id.*

{¶19} As in *Gunzenhauser*, the statute at issue in the instant case "is not free from ambiguity."  Where a statue is vague or ambiguous, or requires judicial construction to determine its scope of meaning, exceptional circumstances exist which permit courts to extend the good faith exception to the exclusionary rule to not only

mistakes of fact but also mistakes of law. *Greer*, supra, 114 Ohio App.3d at 303. The trial court found appellant violated R.C. 4511.39(A), which states in pertinent part:

> No person shall turn a vehicle or trackless trolley or move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided. When required, a signal of intention to turn or move right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle or trackless trolley before turning * * *.

Ptl. Robison cited New Lexington 331.14, the relevant portion of which effectively mirrors R.C. 4511.39(A).

{¶20} The parties have framed the issue in this appeal as whether "upon a highway," pursuant to R.C. 4511.39(A), refers to a driver who is turning out of a private parking lot onto a roadway. "Highway" is defined in R.C. 4511.01(B)(B) as "the entire width between boundary lines of every way open to the use of the public as a thoroughfare for purposes of vehicular travel." Appellant contends this is inapplicable to private property and points to other sections of the traffic code which pertain to yielding the right-of-way from private property but do not require use of a turn signal. R.C. 4511.44(A). Appellee and the trial court looked to the common definition of "upon," which means "movement in a given position or toward a specified object" to support the position that movement toward the highway required appellant to use his turn signal. This ambiguity in the statute constitutes the "exceptional circumstances" described in *Greer*, allowing us to conclude the officer's mistake of law was

reasonable and does not require application of the exclusionary rule. Moreover, a number of courts have addressed this issue, in similar contexts.

{¶21} In *State v. Garnett*, the appellant contested the traffic stop of his motor vehicle premised upon a Columbus City Ordinance which is substantially similar to R.C. 4511.39(A) and New Lexington Traffic Code 331.14. In that case, the Tenth District Court of Appeals cited our decision in *Gunzenhauser*, supra, in finding the exclusionary rule did not apply to the stop because the officer reasonably but mistakenly believed he observed a violation:

> Whether or not appellant's failure to use his turn signal constituted an actual violation is not essential to our analysis. [The officer] testified that he observed appellant turn onto Shanley Drive without using his turn signal, which he believed was a violation of Columbus City Code section 2131.14. *State v. Garnett*, 10th Dist. No. 09AP-1149, 2010-Ohio-5865, ¶ 13, appeal not allowed, 128 Ohio St.3d 1447, 2011-Ohio-1618, 944 N.E.2d 696, reconsideration denied, 128 Ohio St.3d 1504, 2011-Ohio-2420, 947 N.E.2d 685, citing *State v. Gunzenhauser*, 5th Dist. No. 09-CA-21, 2010-Ohio-761, ¶ 16.

The Court found the officer could reasonably have believed appellant violated the applicable code section. Similarly, we find Ptl. Robison could reasonably have believed appellant in the instant case violated New Lexington Traffic Code section 331.4.

{¶22} In *State v. Perkins,* the appellant turned onto a public roadway from a private parking lot without using his turn signal, was traffic stopped, and ultimately charged with O.M.V.I. The appellant moved to suppress evidence from the stop on

the basis of no reasonable and articulable suspicion to stop; the trial court overruled the motion to suppress.

{¶23} In affirming the trial court's decision, the Second District Court of Appeals found the officer saw the appellant turn left without signaling and driving erratically, and "believed both acts violated traffic laws." In a footnote, the Court stated:

> Never raised is whether [appellant's] failure to use his turn signal was actually a traffic offense. * * * *. The [trial] court never cited either a traffic code or a particular offense. Likely, the court is referring to R.C. 4511.39 or the substantially similar provision in [the local traffic code] both of which prohibit a person from turning onto a highway without signaling. We question whether those provisions apply to turns from private property. Ultimately, whether they apply in this case does not really change the conclusion. We have said that evidence obtained from a stop for what the officer thought was a traffic offense need not be suppressed if the officer's mistake of law was reasonable. *State v. Greer*, 114 Ohio App.3d 299, 305, 683 N.E.2d 82 (2nd Dist.1996). * * * *.
>
> *State v. Perkins*, 2nd Dist. No. 2011-CA-24, 2012-Ohio-2544, fn.6.

{¶24} In applying these analyses to the facts of the instant case, we find Ptl. Robison could reasonably believe appellant violated the New Lexington traffic code by failing to signal when he turned onto the roadway from a private parking lot. Based upon substantial precedent from this Court and others, determining whether appellant committed an actual violation is not essential to our analysis. The evidence from the

traffic stop need not be suppressed because the officer's mistake of law was reasonable.

{¶25} We therefore overrule appellant's sole assignment of error and affirm the judgment of the Perry County Court of Common Pleas.

By: Delaney, P.J.

Farmer, J. and

Wise, J. concur.

_____
  HON. PATRICIA A. DELANEY


_____
  HON. SHEILA G. FARMER


_____
  HON. JOHN W. WISE


PAD:kgb

[Cite as *State v. Reedy*, 2012-Ohio-4899.]

IN THE COURT OF APPEALS FOR PERRY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                    :

                                      :

                                      :

           Plaintiff-Appellee     :

                                        :

-vs-                              :     JUDGMENT ENTRY

                                      :

JOSHUA REEDY                :

                                      :

                                      :     Case No. 12-CA-1

           Defendant-Appellant   :

For the reasons stated in our accompanying Opinion on file, the judgment of the Perry County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE