[Cite as *State v. Dowty*, 2016-Ohio-4719.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 26982 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2015-CR-2052 |
| v. | : | |
| | : | (Criminal Appeal from |
| ASHLEY DOWTY | : | Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of June, 2016.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
      Attorney for Plaintiff-Appellant

JOHN S. PINARD, Atty. Reg. No. 0085567, 120 West Second Street, Suite 603, Dayton, Ohio 45402
      Attorney for Defendant-Appellee

. . . . . . . . . . . . .

FAIN, J.

      **{¶ 1}** Plaintiff-appellant the State of Ohio appeals from an order of the trial court suppressing evidence. The State contends that the trial court erred by concluding that

before making a traffic stop the officer did not have a reasonable suspicion that the driver of a vehicle had committed a traffic offense. Defendant-appellee Ashley Dowty contends that the officer's interpretation of the traffic law was not sufficiently reasonable to justify the traffic stop. We agree that no reasonable interpretation of the traffic law requiring a driver to activate a turn signal for 100 feet before turning would apply to a vehicle in a private parking lot. Therefore, we conclude that the trial court did not err in suppressing the evidence resulting from the stop, and the suppression order is affirmed.

## I. The Traffic Stop

{¶ 2} In late July 2015, Dayton Police Officer Terry Perdue was on patrol in a marked cruiser in the Phoenix project area of northwest Dayton. Officer Perdue had observed drug transactions in this area in the past. Officer Perdue observed Dowty's vehicle in a Walgreen's parking lot near the intersection of Salem Avenue and Philadelphia Drive, and noted that it had an out-of-county sticker on the license plates. Officer Perdue saw the vehicle travel toward the exit of the parking lot, and stop on the sidewalk before proceeding onto Salem Avenue. The Walgreen's building is situated about 30 feet from the road, so when leaving the parking lot a vehicle would travel no more than 30 feet before entering the road. While stopped, Dowty's vehicle did not initially have a turn signal on to indicate the direction it was going to turn. Before the vehicle entered Salem Avenue, Officer Perdue observed the vehicle's driver activate the left turn signal, then switch to the right turn signal, while still stopped. Officer Perdue then observed the vehicle turn right onto Salem Avenue, where the officer made a traffic stop, citing Dowty for failing to properly signal, in violation of Dayton Revised Code of General

Ordinances (RCGO) 71.31.

{¶ 3} After stopping the vehicle, Officer Perdue discovered that the driver of the vehicle did not have an active driver's license, and one of the occupants had an active felony warrant. Dowty was the third occupant in the vehicle.   After a pat-down for officer safety, Officer Perdue provided a *Miranda* warning, and Dowty admitted that she had syringes and heroin in her possession.

## II.   The Course of Proceedings

{¶ 4}   Dowty was indicted on two counts of Possession of a Controlled Substance, in violation of R.C. 2925.11(A), and one count of Possession of Drug Abuse Instruments, in violation of R.C. 2925.12(A). She moved to suppress the evidence, contending that it was obtained as a result of an unlawful search and seizure.

{¶ 5}   The trial court ordered the evidence suppressed, after a hearing at which Officer Perdue testified as the only witness. From the suppression order, the State appeals.

## III. The Standard of Review

{¶ 6} "Appellate review of a motion to suppress presents a mixed question of law and fact.   When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses."   *State v. Koon*, 2d Dist. Montgomery No. 26296, 2015-Ohio-1326, ¶ 13, quoting *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.   "Consequently, an appellate court must accept the trial court's findings of fact if

they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.* The application of the law to the trial court's findings of fact is subject to a de novo standard of review. *State v. Gordon*, 5th Dist. Fairfield No. 14-CA-13, 2014-Ohio-5027, ¶ 14, citing *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996).

## IV. The Officer Did Not Have a Reasonable Suspicion of a
## Traffic Offense to Justify the Stop

{¶ 7} The State's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN SUSTAINING DOWTY'S MOTION TO SUPPRESS. OFFICER PERDUE HAD REASONABLE SUSPICION THAT THE DRIVER OF THE VEHICLE MADE A TURN IN VIOLATION OF R.C.G.O. 71.31/R.C. 4511.39.

{¶ 8} The State contends that the trial court should have overruled the motion to suppress, because the officer had a reasonable suspicion that the driver of the vehicle was committing a violation of R.C.G.O 71.31, which is identical to R.C. 4511.39. The pertinent part of the statute provides:

(A) No person shall turn a vehicle or trackless trolley or move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided.

(B) When required, a signal of intention to turn or move right or left

shall be given continuously during not less than the last 100 feet traveled by the vehicle or trackless trolley before turning, * * *

{¶ 9} The term "highway" is defined in the Traffic Code as "the entire width between the boundary lines of every way open to the use of the public as a thoroughfare for purposes of vehicular travel." R.C. 4511.01(BB).

{¶ 10} At the suppression hearing, Officer Perdue testified that he stopped the car, in which Dowty was a passenger, based on his observation that the vehicle did not properly activate a turn signal prior to making a right-hand turn onto the roadway. It was not disputed that prior to turning onto the roadway, the vehicle had traveled about 30 feet in a private parking lot of a Walgreen's store, and was not traveling on a highway. It was also undisputed that the driver did activate a right-turn signal prior to turning right onto the roadway. At the suppression hearing, the police officer stated that the basis of his stop was his observance that the vehicle had failed to signal when entering the roadway. Transcript at pg. 8, line 23 and pg. 21, line 22. The officer stated, "[t]he violation was she didn't signal until she saw my vehicle sitting in front of her and she changed directions of signal when she saw me." Transcript at pgs 8-9. The officer stated that he wrote a citation for a violation of "fail to signal before entering a roadway." Transcript at pg. 17, line 23. The officer stated that prior to making the right-hand turn, the driver did activate a right-turn signal. Transcript at pg. 24, line 20. The officer opined that she changed her signal direction from left to right to "avoid me following behind her." Transcript at pg. 25, line 23-24.

{¶ 11} The trial court concluded that R.C. 4511.39 was not an unclear or ambiguous statute. The trial court concluded that the cited traffic law does not require the

activation of a turn signal 100 feet prior to entering a highway from a private parking lot. The trial court concluded that the officer's interpretation of the traffic law was inaccurate, and did not reasonably justify the traffic stop. We agree that the trial court correctly concluded that the statute could not reasonably be interpreted to require a vehicle to activate a signal for 100 feet while traveling in a private parking lot, prior to entering a roadway. We agree with the trial court's conclusion that the officer's mistaken interpretation of the law is not reasonable.

{¶ 12} The decisions that have addressed the meaning of R.C. 4511.39, or an identical municipal ordinance, are factually distinguishable from the case before us. In *State v. Wooster*, 2d Dist. Montgomery No. 24855, 2012-Ohio-4439, we held that an officer had a reasonable basis to stop a vehicle for violating R.C. 4511.39, after he followed a vehicle traveling on a roadway for several blocks, and observed the vehicle activate its left-turn signal as it approached an intersection, but after stopping at the intersection, the vehicle activated its right-turn signal and immediately turned right. The *Wooster* case did not involve a vehicle traveling in a private parking lot prior to making a turn.

{¶ 13} In *State v. Perkins*, 2d Dist. Miami No. 2011-CA-24, 2012-Ohio-2544, we held that an officer's traffic stop was justified when the officer observed the offender driving erratically and turning out of a Speedway parking lot without activating any signal. In the case before us, the driver did signal prior to leaving the private parking lot, and was not observed driving erratically. Perkins was cited for an OVI offense, but was not cited for a violation of R.C. 4511.39. The traffic code at issue in the case before us was not analyzed in *Perkins.* We recognized in a footnote that the issue of whether Perkins's

failure to use his turn signal was actually a traffic offense was never raised, and "[w]e question whether these provisions [R.C.4511.39 or Tipp City Traffic Code] apply to turns from private property." *Id.* at fn. 6.

{¶ 14} The State relies on *State v. Reedy*, 5th Dist. Perry No. 12-CA-1, 2012-Ohio-4899, which did conclude, based on the totality of the circumstances, that an officer could reasonably believe that a driver had violated a municipal traffic code identical to R.C. 4511.39 when the driver exited a private parking lot without activating any signal. In *Reedy*, the court concluded that the statute was ambiguous because the term "upon" in the phrase "upon a highway" could mean movement in the direction of a highway, in addition to actually traveling on the highway. *Id.* at ¶ 20. This ambiguity led the court in *Reedy* "to conclude the officer's mistake of law was reasonable and does not require application of the exclusionary rule." *State v. Reedy*, 5th Dist. Perry No. 12-CA-1, 2012-Ohio-4899, ¶ 20. We agree with the conclusion in *Reedy* that the officer was mistaken when he concluded that the requirements of R.C. 4511.39 apply to vehicles traveling in a private parking lot. We also agree that a reasonable interpretation of Ohio traffic laws could lead an officer to mistakenly conclude, in certain circumstances, that a driver leaving a parking lot must activate a turn signal before entering upon a highway in order to exercise due care to ascertain that the turn can be made with reasonable safety.

{¶ 15} In the case before us, the driver did activate a signal before leaving the private parking lot, and there was no safety concern. Therefore, the driver complied with the requirements of R.C. 4511.39(A). The question remains whether the officer could reasonably conclude that the driver could be cited for violating the provision of R.C. 4511.39(B) requiring the turn signal to be activated for at least the last 100 feet traveled

before making the turn. We conclude that no reasonable interpretation of the statute would require a driver to activate a signal for 100 feet while moving toward the exit in a private parking lot that is only 30 feet long. The purpose of the statute is to allow all drivers in the vicinity to exercise due caution when a vehicle is changing lanes or changing its direction of travel. At the exit of a private parking lot, a driver does exercise due caution by activating the turn signal while stopped and yielding the right of way to approaching traffic. In the case before us, the action taken by the driver to activate a turn signal while stopping at the exit and waiting to enter the highway was not a violation of law. The officer's mistaken conclusion that the driver had committed a traffic offense was not based on a reasonable interpretation of the statute.

{¶ 16} Distinctions have been made between cases where a stop is based on a mistake of fact and cases where the justification for the stop is based on a mistake of law. *See, e.g.*, *State v. Reedy*, 5th Dist. Perry No. 12-CA-1, 2012-Ohio-4899, ¶ 19, citing *State v. Greer*, 114 Ohio App.3d 299, 683 N.E.2d 82 (2d Dist.1996) (officer's mistake of law was objectively reasonable). *Compare State v. Babcock*, 2013-Ohio-2366, 992 N.E.2d 1215, ¶ 20 (6th Dist.)[1] (officer's mistake of law would defeat the purpose of the exclusionary rule). *See also State v. Fears,* 8th Dist. No. 94997, 2011-Ohio-930, ¶ 12; *State v. Drushal,* 9th Dist. Wayne No. 13CA0028, 2014-Ohio-3088, ¶ 13; *State v. Stadelman*, 1st Dist. Hamilton No. C-130138, 2013-Ohio-5035, ¶ 4. In the case before us, the facts are not in dispute. This case presents a mistaken interpretation of the law.

{¶ 17} In its most recent case on traffic stops, the Supreme Court of the United

---

[1] As noted by the trial court, a conflict has been certified between the holdings of *State v. Babcock* and *State v. Reedy*, but no record of appeal is found on the Supreme Court of Ohio's docket.

States held that a police officer's objectively reasonable belief that a traffic violation has occurred constitutes reasonable suspicion to justify a traffic stop. *Heien v. North Carolina*, ___ U.S. ___, 135 S.Ct. 530, 190 L.E.2d 475 (2014). The propriety of an investigative stop must be viewed in light of the totality of the circumstances surrounding the stop "as viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." *State v. Andrews*, 57 Ohio St.3d 86, 87-88, 565 N.E.2d 1271 (1991), citing *State v. Bobo*, 37 Ohio St.3d 177, 178, 524 N.E.2d 489 (1988). The test is whether, under the totality of the circumstances, an objectively reasonable officer could have concluded that a violation of the turn-signal requirement occurs when a driver fails to activate a turn signal until the car is stopped at the exit of a private parking lot, before entering a roadway.

{¶ 18} In the case before us, the traffic stop was predicated upon Officer Perdue's mistake of law. The statute is not ambiguous with respect to its non-application to traveling in a private parking lot. Because no objectively reasonable officer could conclude that a violation of the law occurs when a driver does not activate a turn signal while traveling in a private parking lot, but does activate a signal when the vehicle is stopped at the exit of the private parking lot, Officer Perdue lacked a reasonable suspicion to justify the traffic stop. We conclude, therefore, that the trial court did not err in sustaining Dowty's motion to suppress. The State's sole assignment of error is overruled.

## V. Conclusion

{¶ 19} The State's sole assignment of error having been overruled, the order of the trial court suppressing evidence is Affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J., and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Michele D. Phipps
John S. Pinard
Hon. Richard Skelton