[Cite as *State v. Steadman*, 2012-Ohio-3135.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-110751 |
| | | TRIAL NO. B-1101526 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| MICHAEL STEADMAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  July 11, 2012

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*J. Rhett Baker*, for Defendant-Appellant.

**J. HOWARD SUNDERMANN, Presiding Judge.**

{¶1}    On March 5, 2011, officers of a special unit trained to deal with vice crimes, including guns and drugs, were investigating reports of drug activity at the Last Laugh Bar. They had previously made arrests of persons for using and selling drugs in the bar's parking lot. One of the officers was sitting in an unmarked car when he saw defendant-appellant Michael Steadman and another man leave the bar and get into a car. One of the men was carrying an open container of alcohol. The two men sat in the car for some time, so the officer called for uniformed police to drive through the lot.

{¶2}    Two officers pulled into the lot and shined a light into the suspected vehicle. Both the driver and the passenger, Steadman, looked back at the police. The officers testified that the driver made furtive movements and leaned forward so that his face was not visible. He appeared to be trying to hide something.

{¶3}    The two uniformed officers then approached the vehicle, one on each side. The officer on the driver's side encountered a strong smell of marijuana and saw marijuana on the driver's shirt and pants. The officer on the passenger side said the odor of marijuana was coming from throughout the vehicle and was coming from the passenger side as well. The officer asked Steadman to step out of the vehicle. As Steadman did so, the officer saw an open container behind Steadman's seat. The officer then patted Steadman down and found Ecstasy pills and marijuana on his person.

{¶4}    Steadman was charged with aggravated possession of drugs in violation of R.C. 2925.11(A). After the trial court denied his motion to suppress, Steadman entered a plea of no contest and the trial court found him guilty. The trial court sentenced him to one year of community control.

{¶5} In a single assignment of error, Steadman argues that the trial court erred in overruling his motion to suppress. Steadman claims that his warrantless search was not justified. He relies upon *State v. Johnson*, 10th Dist. No. 08AP-990, 2009-Ohio-3436, to support his claim that if one person in a vehicle has marijuana, that alone does not justify the search of everyone in the car.

{¶6} An officer can stop someone if he has a reasonable suspicion that a criminal activity may be taking place. *Terry v. Ohio* 392 U.S. 1, 20, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Here, an officer trained in vice matters was called to the scene of an area where he observed activity that was consistent with prior reports of criminal activity at the bar. Two men exited the bar and sat in a vehicle for some time in the parking lot, one had an open container with him. These facts were sufficient for a *Terry* stop.

{¶7} We next determine whether the warrantless search of Steadman was valid. The two officers who approached the vehicle noticed a strong smell of marijuana coming from the vehicle. The officer approaching on the passenger side, the side where Steadman was seated, testified that the smell came from his side of the car as well.

{¶8} This same issue was addressed in *State v Simmons*, 8th. Dist. No. 85297, 2005-Ohio-3428, ¶ 19-27. In that case, Simmons, a passenger in a car driven by another, argued that the warrantless search of his person was invalid. The court in that case stated that "[t]he odor of marijuana can alone provide probable cause for a warrantless search." *Id.* at ¶ 25. The court held that "[t]he officer's detection of burnt marijuana emanating from inside the vehicle established both a reasonable articulable suspicion and probable cause to justify a warrantless search of Simmons." *Id.* at ¶ 26.

**{¶9}** Because both the initial stop and the subsequent search of Steadman were valid, the trial court properly overruled his motion to suppress. We, therefore, overrule his sole assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

**HENDON** and **DINKELACKER, JJ.** concur.

Please note:

The court has recorded its own entry this date.