[Cite as *State v. Pulley*, 2013-Ohio-1624.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-120444 |
| | | TRIAL NO. B-1105552 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| ERIKA PULLEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: April 24, 2013

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

Please note: we have removed this case from the accelerated calendar.

**DeWine, Judge.**

{¶1}     Erika Pulley was convicted of trafficking in marijuana and sentenced to three years of community control.    In this appeal, she raises the following arguments in challenge to her conviction: (1) she was denied her Sixth Amendment right to counsel when the trial court refused to appoint new counsel on the day of trial, (2) her conviction was based in part on the testimony of witnesses who had violated the court's separation order, (3) the state violated the rules of discovery by failing to timely disclose a drug lab report, (4) a police officer was improperly allowed to testify about her silence following her arrest, (5) the trial court improperly denied her motion to suppress, and (6) the evidence of her guilt was insufficient.  She also contends that her sentence was contrary to law because the trial court failed to advise her concerning the potential of postrelease-control supervision.  We find none of these arguments to be persuasive, and affirm the judgment of the trial court.

{¶2}     According to evidence adduced at her trial, Ms. Pulley was the passenger in a car that police officers stopped because it was following another car too closely.  When Officers Scott Hughes and Matt Wilcher approached the car, they detected a very strong odor of raw marijuana.  Ms. Pulley and the driver were asked to exit from the car, and were placed in separate police cruisers.  A search of the car uncovered only small "crumbs" of marijuana, which according to Officer Hughes, could not have caused the strong odor that the officers had detected.  The driver of the car was searched, and no drugs were found on him.  Upon returning to the cruiser where Ms. Pulley had been placed, Officer Wilcher again smelled a strong aroma of marijuana.  Officer Katie Long was called to conduct a search of Ms. Pulley.

{¶3}    Officer Long found two stacks of money in Ms. Pulley's bra and two large bundles of what appeared to be marijuana in her crotch area.  During the search, Ms. Pulley was verbally combative with Officer Long and generally uncooperative.  After the search was completed, Officer Hughes undertook a count of the money and announced that there was approximately $4500 present.  Ms. Pulley volunteered that it was $5000, and that the money came from a Columbus hair salon she owned and the sale of 2004 Dodge car.  Officer Wilcher was unable to verify the existence of either the business or the car.

{¶4}    Upon returning to the police station, Officer Hughes weighed both bundles and found that they totaled 91 grams.   One of the bundles was later analyzed by the crime laboratory and found to consist of 42 grams of marijuana.

{¶5}    Ms. Pulley was indicted for trafficking in marijuana in an amount less than 200 grams, a felony of the fifth degree.  She moved to suppress evidence discovered during the search of her person and statements that she had made to the officers prior to being informed of her *Miranda* rights.  The trial court denied the motion to suppress, and the case was tried before a jury.   The jury returned a guilty verdict, and the trial court imposed the community-control sentence.

{¶6}    In her first assignment of error, Ms. Pulley asserts that the trial court erred by failing to advise her about the possibility of postrelease-control supervision and the attendant penalties for violation of the terms of postrelease control.  A court is required to inform a defendant about postrelease-control supervision "if the sentencing court determines at the sentencing hearing that a prison term is necessary or required."  R.C. 2929.19(B)(2);  *see also State v. Russell*, 5th Dist. No. 06 CA 12, 2006-Ohio-4450, ¶ 26.  Here, because the trial court did not impose a

prison term, there was no need to provide any notification relating to postrelease control. The first assignment of error is overruled.

{¶7} Ms. Pulley argues in her second assignment of error that the trial court abused its discretion when it denied her request for new counsel. On the first day of trial, Ms. Pulley made an oral motion to have a new attorney appointed. She expressed displeasure that her attorney had filed a tardy motion to suppress and that her attorney's preparation for the trial had suffered due to a broken arm. The trial court inquired about the attorney's state of preparedness and noted that although the motion to suppress had been filed late, it would be heard prior to the start of the trial. Other than the issue with the filing of the motion to suppress, Ms. Pulley did not explain why she believed her counsel was not ready to proceed. Moreover, nothing in her colloquy with the trial court demonstrated that there had been a complete breakdown in communication between her and her counsel. *See State v. Murphy*, 91 Ohio St.3d 516, 747 N.E.2d 765 (2001); *State v. Gordon*, 149 Ohio App.3d 237, 2002-Ohio-2761, 776 N.E.2d 1135 (1st Dist.). Accordingly, the trial court did not abuse its discretion in refusing to appoint new counsel. We overrule the second assignment of error.

{¶8} Ms. Pulley's next assignment of error is that that the trial court erred by failing to sanction the state's police witnesses for violating the court's separation order. A hearing on Ms. Pulley's motion to suppress was held prior to jury selection. At that time, the trial court issued a separation order for all witnesses. At the end of jury selection on the following day, Ms. Pulley told the court that she had seen Officers Hughes, Wilcher, and Long discussing the case. The officers acknowledged that they had discussed Officer Long's testimony about her search of Ms. Pulley. The

assistant prosecuting attorney professed that she had not been aware that the officers had discussed the case, and the officers explained that they had been under the impression that the separation of witnesses was for purposes of the motion to suppress. The court explained that the separation order applied not only to the motion hearing but to the entire trial, and proceeded to conduct a detailed inquiry of the officers as to what had been discussed. After hearing from the officers, the court determined that the discussion between the officers would not impact their trial testimony. Defense counsel did not make any specific motion for a mistrial or exclusion of witnesses, but instead made a generic request that "sanctions be imposed against the state and their witnesses." The trial court denied the request.

{¶9}    We do not believe the trial court made any error in this regard.   The remedy for the violation of a separation order is generally within the sound discretion of the trial court. *State v. Taylor*, 1st Dist. No. C-020475, 2004-Ohio-1494, ¶ 32. Before the court may exclude a witness, there must be a demonstration that the party calling the witness "consented to, connived in, procured or had knowledge of the witness' disobedience." *State v. Smith*, 49 Ohio St.3d 137, 142, 551 N.E.2d 190 (1990).    Here no such demonstration was made, and the trial court acted within its discretion in its handling of the matter. The third assignment of error is overruled.

{¶10}   In her fourth assignment of error, Ms. Pulley argues she was deprived of a fair trial due to prosecutorial misconduct.   Specifically, she contends that the assistant prosecutor violated Crim.R. 16 by failing to disclose the state's entire laboratory report prior to trial. The record does not support this assertion. One of the two bundles that Ms. Pulley was arrested with was analyzed by the crime

laboratory and found to consist of 42 grams of marijuana. The record is perfectly clear that this laboratory report—the only laboratory report that was prepared—was provided to the defense prior to trial.

{¶11} Ms. Pulley's real objection seems to be that Officer Hughes was allowed to testify that the two bundles together weighed 91 grams based upon his having weighed them at the station despite the fact that the crime lab only weighed and analyzed one of the bundles. Officer Hughes did not prepare a report, and there is nothing in Crim.R. 16 that required the state to notify Ms. Pulley that Officer Hughes had weighed the marijuana. Moreover, it is clear from the record that the marijuana packages were available to Ms. Pulley's counsel prior to trial, and she had ample opportunity to weigh the evidence. We overrule the fourth assignment of error.

{¶12} In the fifth assignment of error, Ms. Pulley asserts that the trial court impermissibly allowed Officer Wilcher to testify as to Ms. Pulley's exercise of her constitutional right to remain silent. Specifically, she complains that Officer Wilcher was allowed to testify that she initially didn't answer when he asked how much money she had. A review of the record, however, reveals that Ms. Pulley never invoked her right to remain silent. Ms. Pulley was quite vocal—in fact, she repeatedly insulted Officer Long—during the search of her body. When the cash was discovered, she apparently did not respond when asked how much money was present. But later, after the money was counted, she volunteered an account of where the money came from. A defendant's invocation of her right to remain silent must be unequivocal. *State v. Murphy*, 91 Ohio St.3d 516, 520, 747 N.E.2d 765 (2001), citing *Davis v. United States*, 512 U.S. 452, 459, 114 S.Ct. 2350, 129 L.Ed.2d

362 (1994). In these circumstances, it is evident that she did not invoke her right to remain silent, and nothing precluded the state from offering Officer Wilcher's narrative of the investigation following the stop of the car. The fifth assignment of error is overruled.

{¶13}   Ms. Pulley asserts in the sixth assignment of error that the trial court erred when it overruled her motion to suppress. She maintains that the search of her person was illegal, and that the trial court should not have admitted testimony about her statements to police officers because she had not been *Mirandized* at the time of the statements.

{¶14}   The police officers had probable cause to search the car based on the strong smell of raw marijuana emanating therefrom. *State v. Steadman*, 1st Dist. No. C-110751, 2012-Ohio-3135. As a passenger of the car with no expectation of privacy in the car, Ms. Pulley had no standing to contest the car's search. *See State v. Seay*, 1st Dist. No. C-040763, 2005-Ohio-5964. When Officer Wilcher continued to smell the strong scent in the cruiser where Ms. Pulley was waiting during the search of the car, probable cause existed to search her.

{¶15}   Ms. Pulley contends that all the statements that she made to the officers should have been suppressed. But none of her statements were in response to questioning by the police officers. Rather, she made unprompted remarks during Officer Long's body search, and volunteered an explanation of the source of the money after it had been counted. We conclude that the trial court did not err in overruling the motion to suppress. The sixth assignment of error is overruled.

{¶16}   Ms. Pulley's final assignment of error is that her conviction was based on insufficient evidence and was against the manifest weight of the evidence. She

argues that, at most, she should have been convicted of possession because the marijuana was for her personal use.  But the evidence offered by the state—including the amount of the marijuana, the large amount of money, and the way in which Ms. Pulley had hidden the bundles—was sufficient to support a conviction for trafficking. *See State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).  And having reviewed the record, we are unable to conclude that the jury lost its way in finding Ms. Pulley guilty of the offense.  *Id.* at 387.  The seventh assignment of error is overruled, and we affirm the judgment of the trial court.

Judgment affirmed.


**HENDON, P.J.,** and **DINKELACKER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.