[Cite as *In Re A.T.*, 2018-Ohio-2899.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: A.T. | : | APPEAL NOS. C-170467 |
| | | C-170468 |
| | : | C-170469 |
| | | TRIAL NOS. 15-007432 Z |
| | : | 15-007433Z |
| | | 15-007434Z |
| | : | |
| | : | *O P I N I O N.* |

Appeals From: Hamilton County Juvenile Court

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: July 25, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin,* Assistant Prosecuting Attorney, for Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Julie Kahrs Nessler*, Assistant Public Defender, for Appellant.

**MILLER, Judge.**

{¶1}  Following a bench trial before a magistrate, A.T. was adjudicated delinquent for committing acts that, had he been an adult, would have constituted misdemeanor possession of drug paraphernalia, misdemeanor possession of marijuana, and felonious possession of heroin.  A.T. claims that the juvenile court's delinquency findings were in error.  For the following reasons, we affirm.

### Facts and Procedural History

{¶2}  On October 5, 2015, Ohio State Highway Patrol Trooper Bradley Hess stopped a car traveling 62 m.p.h. where the posted speed limit was 35 m.p.h.  While informing the driver that he would receive a speeding ticket, Trooper Hess detected the odor of raw marijuana in the car.  He returned to his patrol car to radio for backup so that he could safely remove the driver and two passengers to search the vehicle.  A.T. was the front-seat passenger.

{¶3}  Approximately 20 minutes after the initial stop, two additional troopers arrived.  Trooper Hess ordered the driver out of the car, searched him and placed him in his patrol car.  Upon questioning, the driver reluctantly admitted that there was a marijuana cigar in the car.  Next, Trooper Hess searched A.T., emptying A.T.'s pockets and discovering both a digital scale and an envelope containing a heroin gravel.  A.T. was informed he was under arrest and was placed in Hess's patrol car.  After the second passenger was also placed in the patrol car, the other troopers searched the vehicle.  A marijuana cigar was found under the front-passenger seat, where A.T. had been seated.

{¶4}  A.T. filed a motion to suppress the evidence discovered in the search of his person.  The magistrate denied the motion and proceeded to a bench trial, where A.T. was adjudicated delinquent.  Over A.T.'s objections, the juvenile court adopted

the magistrate's decisions on the motion to suppress and the adjudication. A.T. now appeals.

## Analysis

{¶5}    In two assignments of error, A.T. claims that the trial court erred in denying his motion to suppress. In his first assignment of error, A.T. claims that the search of his person was unlawful. He argues that because there was no testimony at the suppression hearing that Trooper Hess was qualified to recognize the odor of marijuana, Trooper Hess could not have had probable cause to search the vehicle. A.T. also asserts that even if Trooper Hess was qualified to recognize the odor of marijuana and had probable cause to search the vehicle, there was no testimony that the odor emanated from A.T., so A.T. should not have been searched.

{¶6}    In his second assignment of error, A.T. claims that the duration of the traffic stop exceeded constitutional limits. A.T. argues that Trooper Hess violated his Fourth Amendment rights when he prolonged the stop beyond the time necessary to issue the speeding ticket. Thus, any evidence obtained as a result of the stop should have been suppressed.

## Standard of Review

{¶7}    Appellate review of a motion to suppress presents a mixed question of law and fact. An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. Accepting these facts as true, the appellate court must then independently determine whether the facts satisfy the applicable legal standard. *Id.*

## The Searches of the Vehicle and A.T. Were Lawful

{¶8} The Fourth Amendment to the United States Constitution and Article 1, Section 14 of the Ohio Constitution protect individuals from unreasonable searches and seizures. *State v. Leak*, 145 Ohio St.3d 165, 2016-Ohio-154, 47 N.E.3d 821, ¶ 13. Under the Fourth Amendment, warrantless searches are per se unreasonable without prior approval by a judge, subject to a few specific exceptions. *Id.* at ¶ 15, citing *Arizona v. Gant*, 556 U.S. 332, 338, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009). Two such exceptions are the automobile exception and the exigent circumstances exception.

{¶9} Under the automobile exception, police may conduct a warrantless search of a vehicle if there is probable cause to believe that the vehicle contains contraband, and exigent circumstances necessitate a search or seizure. *State v. Chase*, 2d Dist. Montgomery No. 25323, 2013-Ohio-2347, ¶ 21, citing *State v. Mills*, 62 Ohio St.3d 357, 367, 582 N.E.2d 972 (1992); *Chambers v. Maroney*, 399 U.S. 42, 48, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). The mobility of automobiles often creates exigent circumstance and is the traditional justification for this exception to the Fourth Amendment's warrant requirement. *California v. Carney*, 471 U.S. 386, 391, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985).

{¶10} Under the exigent circumstances exception, a warrantless search is justified where there is imminent danger that evidence will be lost or destroyed if a search is not immediately conducted. *State v. Moore*, 90 Ohio St.3d 47, 734 N.E.2d 804 (2000), citing *Ker v. California*, 374 U.S. 23, 41-42, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963) (exigent circumstances justified the warrantless search of an apartment for drugs when officers feared destruction of evidence). "Because marijuana and other narcotics are easily and quickly hidden or destroyed, a warrantless search may

4

be justified to preserve evidence." *Moore* at 52; *see United States v. Gaitan-Acevedo*, 148 F.3d 577 (6th Cir.1998).

{¶11} The Ohio Supreme Court has held that "[t]he smell of marijuana, alone, by a person qualified to recognize the odor, is sufficient to establish probable cause to conduct a [warrantless] search." *Moore* at 50. In challenges to warrantless searches based on the smell of marijuana, courts have applied *Moore* to require testimony regarding the officer's qualifications, training, or experience in identifying and detecting the smell of marijuana. *State v. Birdsong*, 5th Dist. Stark No. 2008 CA 00221, 2009-Ohio-1859, ¶ 16; *State v. Bradley*, 5th Dist. Richland No. 2003-CA-0040, 2003-Ohio-5914, ¶ 26; *State v. Howard*, 1st Dist. Hamilton No. C-070174, 2008-Ohio-2706, ¶ 11.

{¶12} In the instant case, while Trooper Hess did not specifically testify to his qualifications to recognize marijuana at the suppression hearing, the issue was not raised in A.T.'s motion to suppress or in arguments at the hearing. Issues not raised in the trial court may not be raised for the first time on appeal because they are deemed waived. *State v. Walker*, 1st Dist. Hamilton No. C-150757, 2017-Ohio-9255, ¶ 26, *appeal not allowed*, 152 Ohio St.3d 1467, 2018-Ohio-1795, 97 N.E.3d 502, ¶ 26. This waiver "applies to arguments not asserted either in a written motion to suppress or at the suppression hearing." *Id.* Additionally, Crim.R. 47 provides that a motion shall state with particularity the grounds upon which it is made.

{¶13} In A.T.'s motion to suppress, his arguments for challenging the constitutionality of the duration of the traffic stop and the search of A.T.'s pockets were well-parsed. But his argument challenging the constitutionality of the warrantless search of the car and his person was absent, stating only: "[A.T.] submits that in the present case the State will be unable to prove that the search of

the car or his person fell within any of the exceptions to the warrant requirement." This statement was not sufficient to put the state on notice that Trooper Hess's qualifications to recognize marijuana would be challenged. Had the issue been raised in the motion or at the hearing, the state likely would have elicited testimony from Trooper Hess as it did in the trial that same day. Following the suppression hearing, Trooper Hess took the stand again for the trial and testified to his specialized training in identifying raw marijuana and to his handling of 60 to 70 cases involving marijuana offenses.

{¶14} Once Trooper Hess stopped the vehicle and noticed the odor of marijuana, he had reasonable suspicion of criminal activity beyond the traffic stop and was permitted to detain the occupants longer than necessary to issue the speeding ticket. *See State v. Emmons*, 1st Dist. Hamilton No. C-150636, 2016-Ohio-5384, *appeal not allowed*, 149 Ohio St.3d 1406, 2017-Ohio-2822, 74 N.E.3d 464. "A traffic stop may be prolonged upon the discovery of additional facts 'that give rise to a reasonable, articulable suspicion of criminal activity beyond that which prompted the initial stop.' " *Id.* at ¶ 18, quoting *State v. Batchili,* 113 Ohio St.3d 403, 2007-Ohio-2204, 865 N.E.2d 1282, ¶ 15. It is well-established that the smell of marijuana alone, if articulable and particularized, may establish reasonable suspicion. *See State v. Steadman*, 1st Dist. Hamilton No. C-110751, 2012-Ohio-3135, ¶ 8; *United States v. Ramos*, 443 F.3d 304, 308 (3d Cir.2006). The driver was then lawfully asked to step out of the vehicle, *see Pennsylvania v. Mimms*, 434 U.S. 106, 109-111, 98 S.Ct. 330, 54 L.Ed.2d 162 (1993), and upon questioning, admitted that a marijuana cigar was in the car. The driver's admission created probable cause to believe that the vehicle in which A.T. was a passenger contained marijuana. Trooper Hess was permitted under the automobile exception to search the vehicle. *See, e.g.,*

*State v. Lopez*, 1st Dist. Hamilton No. C-020516, 2003-Ohio-2072, ¶ 11; *State v. Simmons*, 12th Dist. Warren No. CA2004-11-138, 2005-Ohio-7036.

{¶15} Turning to the search of A.T., A.T. was lawfully asked to step out of the vehicle. *Mimms* at 109-111. At that point, Trooper Hess not only had probable cause to believe that marijuana was in the car in some quantity, but also that A.T. and the rear passenger possessed marijuana. *See Maryland v. Pringle*, 540 U.S. 366, 372, 124 S.Ct. 795, 157 L.Ed.2d 769 (2003) ("We think it an entirely reasonable inference from these facts that any or all three of the occupants had knowledge of, and exercised dominion and control over, the cocaine. Thus, a reasonable officer could conclude that there was probable cause to believe Pringle committed the crime of possession of cocaine, either solely or jointly."). Because marijuana can be concealed on a person, the search of A.T. was justified based on the driver's admission to marijuana being in the car. *See Moore*, 90 Ohio St.3d at 52, 734 N.E.2d 804.

{¶16} For Trooper Hess to obtain a warrant before searching A.T.'s person for possible narcotics, he would have had to permit A.T. to leave the scene. Permitting A.T. to leave the scene alone, unaccompanied by any law enforcement officer, would have led to the "dissipation of the marijuana odor, and the possible loss or destruction of evidence, which were compelling reasons for [Trooper Hess] to conduct a warrantless search of [A.T.'s] person." *Id.* at 52-53. Therefore, Trooper Hess's search of the vehicle and A.T. were exempt from the warrant requirement under the Fourth Amendment based on the automobile exception and exigent circumstances. A.T.'s first assignment of error is overruled.

{¶17} The dissent focuses on the lack of marijuana odor on A.T., and would rely upon *State v. Johnson*, 10th Dist. Franklin No. 08AP-990, 2009-Ohio-3436, a

plurality decision, to reverse the judgment of the trial court. This reliance is misplaced for three reasons.

{¶18} First, the facts of *Johnson* are readily distinguishable from the facts here. In *Johnson*, the police officer observed a marijuana blunt sitting in the console between the front seats while no one was in the vehicle, and the driver later claimed that the blunt was his. Here, Trooper Hess smelled an unknown quantity of marijuana while the vehicle was occupied, and the driver claimed that the smell was a marijuana cigar in the car but did not admit to its ownership.

{¶19} Second, the lead opinion in *Johnson*, which the dissent quotes, does not conflict with our holding. The lead opinion states, "Probable cause to search one location (the car) does not automatically result in probable cause to search another location (Johnson's pockets)." *Johnson* at ¶ 15. And later explains, "At most, Johnson previously had access to the marijuana blunt left in the console between the front seats of the car. Police officers had no basis for believing that Johnson had control over it, especially after Pearson [the driver] claimed responsibility for it." *Id.* at ¶ 22. We do not suggest that probable cause to search one location automatically extends to another. Rather, relying on *Maryland v. Pringle*, because an unknown quantity of marijuana was in a vehicle with three occupants, none of whom provided information with respect to the ownership of the marijuana, Trooper Hess had probable cause to believe that all three occupants committed the crime of possession of marijuana. In other words, it was reasonable for Trooper Hess to infer that all three occupants had knowledge of, and exercised dominion and control over, marijuana, and it was reasonable for him to search A.T. on that basis—particularly because marijuana can be concealed on a person and A.T. was in the vehicle for 20 minutes with the marijuana prior to the search. Unlike *Johnson* and *State v. Taylor*,

8th Dist. Cuyahoga No. 94853, 2011-Ohio-1554, ¶ 24, which is also cited by the dissent, the facts of this case support probable cause to believe that marijuana was in the possession of the appellant. Trooper Hess did not need to articulate that a marijuana smell was emanating from A.T. in order to search him. *Compare State v. Pulley*, 1st Dist. Hamilton No. C-120444, 2013-Ohio-1624, ¶ 14 (also cited by the dissent); *State v. Moore*, 90 Ohio St.3d at 47, 734 N.E.2d 804.

{¶20} Third, unlike *Johnson*, the state does not suggest here that Trooper Hess had probable cause to search A.T. incident to an arrest, and we do not base our holding on that exception to the warrant requirement. Trooper Hess had probable cause to conduct a search of A.T.; he did not have probable cause to arrest him prior to the search. As discussed above, the search of A.T. was justified under the exigent circumstances exception.

### The Duration of the Traffic Stop was Constitutional

{¶21} The Fourth Amendment prohibits a traffic stop from exceeding the time needed to handle the matter for which the stop was made, absent reasonable suspicion. *Rodriguez v. United States*, 135 S.Ct. 1609, 1612, 191 L.Ed.2d 492 (2015). Once a police officer has established probable cause to search a vehicle for contraband, the Fourth Amendment permits seizure of the property pending further investigation. *See United States v. Place*, 462 U.S. 696, 701, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983); *see also Chambers v. Maroney*, 399 U.S. 42, 52, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *State v. Blatchford*, 2016-Ohio-8456, 79 N.E.3d 97, ¶ 40 (12th Dist.).

{¶22} Upon detecting the odor of marijuana, the detention of the occupants of the vehicle was no longer an investigatory stop for a traffic violation. Trooper Hess, who had reasonable suspicion of criminal activity and was awaiting the

9

requested backup for his own safety, was reasonable in these circumstances. *See Emmons*, 1st Dist. Hamilton No. C-150636, 2016-Ohio-5384, at ¶ 18. The prolonged traffic stop then transformed into a warrantless search supported by probable cause under the automobile exception and exigent circumstances. Therefore, Trooper Hess was able to constitutionally detain A.T. beyond the traffic stop to search the vehicle for contraband. A.T.'s second assignment of error is overruled.

## Conclusion

{¶23} The search of the vehicle and A.T., and the detention of the occupants following the traffic stop, were supported by probable cause under the Fourth Amendment exceptions to the warrant requirement. We hold that the trial court properly denied A.T.'s motion to suppress. Accordingly, we affirm the judgments of the juvenile court.

Judgments affirmed.

**MOCK, P.J.,** concurs.
**MYERS, J.,** dissents.

**MYERS, J.,** dissenting.

{¶24} I dissent from the majority opinion and would find that the officer lacked probable cause to search the person of A.T. Thus, I would sustain A.T.'s first assignment of error and hold that the trial court erred in denying his motion to suppress.

{¶25} As an initial matter, I agree with the majority that the duration of the stop was not unreasonable and that A.T. was not unlawfully detained beyond the time necessary. I also agree with the majority that under *Moore*, the state must present evidence of an officer's qualifications in identifying and detecting the smell of marijuana in order to establish probable cause to search an automobile based on the smell of

10

marijuana. Whether or not A.T. waived this issue by not raising it below is an issue I would not decide, because even if there was probable cause to search the car, I would hold there was not probable cause to search A.T.

{¶26} In *State v. Johnson*, 10th Dist. Franklin No. 08AP-990, 2009-Ohio-3436, the Tenth District examined a similar issue. In *Johnson*, an officer approached a parked car with its windows down and smelled marijuana smoke. When he shone his flashlight inside the car, he saw a marijuana blunt sitting in the console. The passengers of the car, including Johnson, returned to the car. The driver admitted the car was his, apologized for having the marijuana, and offered to throw it away. Johnson walked away from the vehicle and was stopped by another officer since he had also been in the car. Following a pat down search (where no weapons were found), the officer searched Johnson's pockets and found marijuana, cocaine and crack cocaine in a cigarette case.

{¶27} Johnson argued that the search of his person was illegal. The court agreed. Because the search of Johnson's person went beyond a *Terry* pat down, legal justification had to be found elsewhere. The court first rejected the argument that the motor vehicle exception to the warrant requirement applied, finding that the search was not of a motor vehicle, but of Johnson's pockets outside the car. The court next found that no probable cause to believe Johnson had contraband in his pockets existed, stating, "Probable cause to search one location (the car) does not automatically result in probable cause to search another location (Johnson's pockets)." *Johnson* at ¶ 15. And because there was no odor of marijuana on Johnson, there was no probable cause to believe he possessed marijuana at the time he was searched. Finally, the court concluded there was no basis for the search to be one incident to an arrest. *See State v. Taylor*, 8th Dist. Cuyahoga No. 94853, 2011-Ohio-1554 (following *Johnson* and finding no evidence that defendant herself smelled of marijuana).

{¶28}   In this case, even if there was a basis to search the car, I would find that the officer lacked a basis to search the person of A.T.  This conclusion is consistent with our holding in *State v. Pulley*, 1st Dist. Hamilton No. C-120444, 2013-Ohio-1624 (probable cause existed to search car based on strong smell of marijuana and probable cause existed to search passenger when officer continued to smell strong scent of marijuana in his cruiser where defendant was waiting).  There simply was not probable cause to believe that marijuana would be found on the person of A.T.

{¶29}   I would, therefore, sustain A.T.'s first assignment of error and reverse the judgment of the trial court which denied his motion to suppress.


Please note:

The court has recorded its own entry on the date of the release of this opinion.